### ALDRICH *v.* ÆTNA COMPANY.

1. A judgment in the highest court of law or equity of a State, if otherwise a proper subject for review here, under the 25th section of the Judiciary Act, is not rendered incapable of being reviewed by the fact that judgment was rendered on a voluntary submission of a case agreed on for judgment, under the provisions of the code of the State.
2. An allowance of a writ of error by the chief judge of the court in which the judgment was, in fact, rendered, is not ground for dismissing the writ of error, though the record, by order of such court, may have been sent to an inferior court, and an additional entry of what was adjudged in the appellate one there entered.
3. A defendant, who has waived the irregularity by an appearance, cannot object to jurisdiction, because the citation is not signed by the judge who allowed the writ of error.
4. When the question in the highest court of law or equity of a State is whether the mortgage of a vessel, duly recorded under an act of Congress, gives a better lien than an attachment issued under a State statute, and the decision is, that it does not; a proper case exists for review in this court, under the 25th section of the Judiciary Act.
5. The mortgage of a vessel, duly recorded, under an act of Congress, cannot be defeated by a subsequent attachment, under a State statute, enacting, that no mortgage of such property shall be valid, as against the interests of third persons, unless possession be delivered to and remain with the mortgagee, or the mortgage be recorded in a manner specified, in which a mortgage, whose lien in this case was the subject of controversy, was not. *White's Bank* v. *Smith* (7 Wallace, 646) affirmed.

ERROR to the Court of Appeals of New York.

The code of procedure of the State of New York* thus enacts:

---

* §§ 372, 374.

" Parties to a question of difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction, if an action had been brought. But it must appear, by affidavit, that the controversy is real, and the proceeding in good faith to determine the rights of the parties. The court shall, thereupon, hear and determine the case, at a general term, and render judgment thereon, as if an action were depending."

" The judgment may be enforced in the same manner, as if it had been rendered in an action, and shall be subject to an appeal in like manner."

With these provisions of the code in force, the Ætna Insurance Company, as plaintiff, and one Aldrich and others, as defendants, agreed upon a case for the Superior Court of Buffalo as follows:

" Aldrich and the others sold and conveyed the schooner Stella, on the 4th of February, 1856, at Chicago, to one Jacobs, and on the same day, took a mortgage of the vessel back to secure the payment of $6000 of the purchase-money. The mortgage was in due form, and was recorded in the office of the collector, at the port of Chicago, where the vessel was permanently enrolled, and where one of her owners resided. The purchase-money was payable in sums of five hundred, and of ten hundred dollars, extending through the years 1856, 1857, and to March, 1858. Jacobs, the purchaser, who resided in Chicago, immediately took possession of the vessel, which was in port, and employed her on the lakes till attached in Buffalo by the insurance company, on the 11th December, 1856, for a debt against him.

" At the time of the execution of the mortgage, there was a statute of the State of Illinois, which enacted, that 'no mortgage on personal property shall be valid, as against the rights and interests of any third person or persons, unless possession of such personal property shall be delivered to and remain with the mortgagees, or the said mortgage be acknowledged and recorded, as hereinafter directed.' This mortgage had been neither acknowledged nor recorded, according to the requirements of this statute."

It was agreed by the parties, in settling their case, that if the decision should be in favor of the company (the plaintiffs), that judgment should be given against the defendants for $475 and interest, but if in favor of the defendants, then judgment against the plaintiff for costs.

The court at a general term at Buffalo rendered a judgment in favor of the plaintiff. The cause was removed to the Court of Appeals, the highest court of the State of New York, where the judgment was affirmed, and the proceedings remitted to the Superior Court at Buffalo, in which the judgment of affirmance was entered of record. The case was then brought before this court on writ of error; it being purported to be brought here under the 25th section of the Judiciary Act, which gives this court jurisdiction to review upon a writ of error judgments in the highest court of a State, where there has been drawn in question the validity of a statute of, or an authority exercised under the United States, and the decree is against their validity; or where there is drawn in question the construction of any statute of the United States, and the decree is against the title, right, or privilege, or exemption specially set up; or where there is drawn in question the validity of a statute of, or an authority exercised under any State on the ground of their being repugnant to the laws of the United States, and the decision is in favor of such their validity;—"the citation," says this 25th section, "being signed by the chief justice, or judge, or chancellor of the court rendering or passing the judgment or decree complained of, or by a justice of the Supreme Court of the United States."

The writ in this case was allowed by Chief Justice Davies of the Court of Appeals of New York, and was addressed to the Superior Court of Buffalo. The citation was signed by Mr. Justice Miller of this court.

The case being here, the questions were,

I. As to jurisdiction.

II. As to merits.

I. On the point of jurisdiction objection was taken to the jurisdiction,

1st. On the ground that the judgment, which the writ of error purported to bring here, had not been rendered in a suit within the words of the 25th section of the Judiciary Act, but was rendered on a voluntary submission without suit, containing a statement of facts agreed on by the parties, under the code of procedure in New York.

2d. That it did not appear on the face of the record that the validity of a statute or law of the United States, or of the statute of a State as repugnant to such law, or that the construction of any statute of the United States was drawn in question.

3d. That the writ of error was allowed by the chief judge of the Court of Appeals of the State of New York, the writ being addressed to the 'Superior Court of Buffalo, where the record was; and that the said chief judge was not authorized to allow the writ of error.

4th. That the citation was not signed by the judge who allowed the writ of error.

Assuming jurisdiction to exist, there remained

II. *The question of merits;* the insurance company contending, upon this question, that the mortgage could not be set up as against the attachment; that it was void as against it, and that the company was entitled to a judgment declaring the lien of the attachment paramount to that of the mortgage. The mortgagees, represented here by *Mr. Robert Rae*, maintaining on the other hand the converse of these propositions, Mr. Rae referring to *White's Bank* v. *Smith** as conclusive of this part of the case.

Mr. Justice NELSON delivered the opinion of the court.

An objection is taken to the writ of error under the 25th section of the Judiciary Act, on the ground that the judgment is not rendered in a suit within the words of this section, but was rendered on a voluntary submission without suit, containing a statement of facts agreed on by the parties, under the code of procedure in New York.

---

* 7 Wallace, 646.

We are of opinion that this objection is untenable. The code simply provides for the institution of the suit or action by the voluntary agreement of the parties, and without any compulsory process or compulsory proceeding of any kind against the defendant. The court are to hear and determine the case at a general term, and render judgment thereon as if an action were depending; and the submission can be made only to a court which would have had jurisdiction of the case if a suit had been brought. Cases from the State of Louisiana not unfrequently come up here from the State courts, where the proceedings have been instituted substantially as in the present case.

It is also objected that it does not appear on the face of the record the validity of a statute or law of the United States, or of the statute of a State as repugnant to such law, or that the construction of any statute of the United States was drawn in question.

This we think a clear misapprehension of the material question involved in the case. That question was, whether the mortgage of the vessel to the defendants, duly recorded under an act of Congress in the collector's office, gave a better lien upon it than the subsequent attachment issued out of the Superior Court of Buffalo in favor of the plaintiff. The construction of this act of Congress, and its force and effect, as it respected the mortgage security under which the defendants claimed a right or title paramount to that of the attachment creditor, was necessarily in question, and must have been passed upon by the court; and as its decision was against this right, the very case is made provided for in this section.

A further objection is taken that the writ of error was allowed by the chief judge of the Court of Appeals of the State of New York, which writ is addressed to the Superior Court of Buffalo, where the record is, and who was not authorized to allow it.

The answer to this objection is, that the allowance of the writ is well enough, as the judgment was in fact rendered in the Court of Appeals.

It is objected also that the citation was not signed by the judge who allowed the writ of error.

The answer is that the appearance by the defendant in error waived the irregularity.

*As to the merits.* We are of opinion the question involved was decided in the case of *White's Bank* v. *Smith.* That was a question between two mortgages on the vessel, duly recorded in the collector's office—the first on the 12th June, 1863, in the collector's office at the port of Buffalo; the second in the collector's office at the port of Sandusky, on the 17th June, 1865.

The law existing in New York at the time of the execution of the first mortgage was as stringent as that of the State of Illinois in the present case in respect to the filing of personal mortgages at a designated office, when the possession of the property does not accompany the mortgage. White's Bank, the first mortgagee, had complied with the law in New York, and filed his mortgage, but had omitted to refile it at the end of the year, which was required in order to preserve the lien.

Now the argument in the case was, that, inasmuch as the filing of the first mortgage according to the State law was essential to protect the lien as against subsequent purchasers or mortgagees, the omission to refile it left the vessel free and subject to the lien of the second mortgage. It was upon this idea the case was disposed of at the circuit, and the proceeds of the vessel, after discharging some prior liens for seamen's wages, decreed to Smith, the second mortgagee. And this was a proper disposition, upon the assumption that the State statute governed the lien; for, although Smith had not filed his mortgage according to the statute of Ohio, this omission did not affect the question between him and White's Bank, but only as it respected subsequent purchasers or mortgagees.

A different view was taken of the case when it came before this court. It was held that the recording of the first mortgage in the collector's office under the act of Con-

gress protected the interest of the mortgagee against subsequent purchasers or mortgagees by its own force, irrespective of any State law on the subject, and hence the decree below was reversed, and the proceeds directed to be delivered over to the first mortgagee. The court regarded the law as a registration act, which excluded all State legislation in respect to the same subject; and, looking at the nature and character of the species of property Congress was dealing with, we entertained no doubt as to its power to pass this law. It was said in the opinion in that case, " Congress having created, as it were, this species of property, and conferred upon it its chief value under the power given in the Constitution to regulate commerce, we perceive no reason for entertaining any serious doubts but that this power may be extended to the security and protection of the rights and title of all persons dealing therein. The judicial mind seems to have generally taken this direction."

As a registry act there can be no doubt upon the recording of the mortgage, the fact that it is not accompanied by the possession of the vessel affords no ground of impeachment of the transaction, as the record is regarded as satisfactorily accounting for the non-delivery of the possession. This is the law as it respects the recording or filing of personal mortgages under State statutes.*

The protection, however, goes no further, as the consideration of the instrument may be impeached for fraud or for any other vice or infirmity in the original contract or transaction.

The judgment of the court below is

REVERSED AND THE CAUSE REMANDED TO IT, &c.

---

* 2 Kent, 531, note.