JAMES R. JOHNSON *vs.* HARUM MERRILL,
JOHN STORY, JR. & another *vs.* SAME.

Suffolk. Mar. 31, 1876. — Mar. 1, 1877. DEVENS & LORD, JJ., absent.

If, upon the sale of a vessel, no new register or enrolment, such as is required by the acts of Congress of December 31, 1792, and February 18, 1793, is taken out or applied for, she ceases to be a vessel of the United States, and a subsequent mortgage of her acquires no validity by being recorded according to the act of Congress of July 29, 1850.

Under the U. S. St. of July 29, 1850, requiring every mortgage or conveyance of any vessel or part of a vessel to " be recorded in the office of the collector of the customs where such vessel is registered or enrolled," the record must be made in the district in which is the home port of the vessel.

TWO ACTIONS OF TORT against a deputy sheriff, the first brought by James R. Johnson as mortgagee of one fourth, and the other by John Story, Jr. and Abraham Lurvey as mortgagees of three fourths of the schooner Stars and Stripes, of the burden of $28\frac{87}{100}$ tons, for the conversion of their respective interests therein. Writs dated June 21, 1870.

The cases were submitted to the judgment of the Superior Court upon statements of facts, the material parts of which were as follows:

On February 25, 1868, the schooner was duly enrolled and licensed for the fishing business under the laws of the United States at the port of Gloucester in this Commonwealth, and an enrolment there taken out, which stated Story, Lurvey and Johnson to be the owners of the vessel. Story then owned one half, and Lurvey one fourth, and both resided at Rockport in the collection district of Gloucester; and Johnson owned the other fourth, and resided in the State of New York.

On the same day, Story and Lurvey sold their three fourths to Miles Joyce of Boston. On June 27, 1868, Joyce made a mortgage of said three fourths to Story and Lurvey. This bill of sale and this mortgage were recorded in the custom-house at Gloucester on September 30, 1868.

On or before September 7, 1868, Johnson also sold his one fourth to Joyce. This bill of sale was never recorded, either at the custom-house at Gloucester, or at the custom-house at Boston, and whether it was ever recorded elsewhere is not known. On September 7, 1868, Joyce made a mortgage of this fourth to Johnson which was recorded at the custom-house at Boston on May 7, 1869.

The vessel had no other enrolment than that of February 25, 1868, until August 21, 1869, when that enrolment was surrendered at the custom-house at Boston, and a new enrolment there taken out by Joyce, describing him as sole owner of the vessel.

The vessel remained in the possession of Joyce, and was used by him in the fishing business, from the time of his purchase from Story and Lurvey on February 25, 1868, until February 15, 1870, when she was attached as his property by the defendant on a writ sued out by Peter E. Dolliver. Joyce resided at Boston from some time before February 25, 1868, until after the attachment.

On February 28, 1870, the plaintiffs in each action made demands upon the defendant for payment of the debts secured by their mortgages respectively. The defendant refused to give up the vessel, and subsequently sold her on an execution issued in the suit of Dolliver against Joyce.

The Superior Court gave judgment for the defendant in each case ; and the plaintiffs appealed.

*J. L. Eldridge*, for the plaintiffs. 1. If a mortgage should be recorded at the home port of the vessel, as contended by the defendant, the mortgage in the first case was so recorded, and the fact that this was done before the new enrolment was taken out there is immaterial, the attachment not having been made until some time afterwards.

2. In the second case, the mortgage was properly recorded at Gloucester, that being the place where the vessel was last enrolled. *Potter* v. *Irish*, 10 Gray, 416. *Chadwick* v. *Baker*, 54 Maine, 9.

*J. Lathrop*, for the defendant, cited *White's Bank* v. *Smith*, 7 Wall. 646 ; *Aldrich* v. *Etna Ins. Co.* 8 Wall. 491.

GRAY, C. J. The mortgages from Joyce to the plaintiffs were not valid as against his attaching creditors, without either

a delivery of possession, or a legal record of the mortgages. To constitute a delivery, it was necessary that the mortgagees should take possession immediately, if the vessel was within reach, or, if she was at sea, then within a reasonable time after her return. *Veazie* v. *Somerby*, 5 Allen, 280, 289. *Portland Bank* v. *Stubbs*, 6 Mass. 422, 425. *Joy* v. *Sears*, 9 Pick. 4. *Carter* v. *Willard*, 19 Pick. 1, 9, 11. Although two winters, when the vessel might be expected to and doubtless did return home from her fishing voyages, passed before the attachment, it does not appear that the plaintiffs made any attempt to take possession of her; and they do not now undertake to maintain their title upon the ground of delivery, but rely solely upon the records of their mortgages at the custom-houses.

The acts of Congress require that every ship or vessel of the United States shall be registered or enrolled in the office of the collector of the customs of the district in which is the home port of the vessel, which is that in which her owner, or, if more than one, the husband or acting and managing owner resides; and that, upon the sale, in whole or in part, of a registered or enrolled vessel to a citizen of the United States, she shall be registered or enrolled anew accordingly, otherwise she shall cease to be deemed a ship or vessel of the United States. U. S. Sts. December 31, 1792, §§ 3, 14; February 18, 1793, §§ 2, 5; 1 U. S. Sts. at Large, 288, 294, 305, 307. U. S. Rev. Sts. §§ 4141, 4171, 4311, 4312.

The U. S. St. of July 29, 1850, § 1, which provides that no mortgage of any vessel or part of a vessel of the United States shall be valid against any person other than the mortgagor, " his heirs and devisees, and persons having actual notice thereof," unless " recorded in the office of the collector of the customs where such vessel is registered or enrolled," is limited in terms and effect to vessels of the United States. 9 U. S. Sts. at Large, 440. U. S. Rev. Sts. § 4192. *White's Bank* v. *Smith*, 7 Wall. 646. *Veazie* v. *Somerby*, 5 Allen, 280.

The vessel in question being duly enrolled in the port of Gloucester, where the owners of three fourths of her then resided, those owners sold their shares to Joyce, who resided in Boston and became the managing owner; and the vessel, not having been thereupon registered or enrolled anew in the office

of the collector of customs of the port of Boston, ceased to be a vessel of the United States; and the subsequent mortgages of her to the plaintiffs by Joyce, without having obtained or applied for any new register or enrolment, were not governed by the U. S. St. of 1850, and acquired no validity as against his attaching creditors by being recorded in the custom-house at Boston or at Gloucester.

The mortgage in the second case is open to the additional objection that it was not recorded at Boston, the permanent home port of the vessel, as required by the U. S. St. of 1850, but only at Gloucester, from which, after the sale to Joyce, she would be entitled to no more than a temporary register or enrolment. U. S. St. 1792, § 11; 1 U. S. Sts. at Large, 292. The decisions in *Potter* v. *Irish*, 10 Gray, 416, and *Chadwick* v. *Baker*, 54 Maine, 9, in which a different view was taken of this point, have been overruled by the Supreme Court of the United States. *White's Bank* v. *Smith*, 7 Wall. 654. *Aldrich* v. *Ætna Ins. Co.* 8 Wall. 491.                    *Judgments affirmed.*