THE NATIONAL BANK OF AUBURN, Respondent, *v.* EDWIN LEWIS,
Impleaded, etc., Appellant.

In an action brought to recover the amount of a promissory note discounted
by a National bank, it cannot be set up by way of counter-claim or set-
off that the bank, in discounting a series of notes, the proceeds of which
were used to pay other notes, knowingly took a greater rate of interest
than that allowed by law.

The remedy in such case is an action of debt to recover back twice the
amount paid.

The rule laid down in this case upon a former argument (*Nat. Bank of A.*
v. *Lewis,* 75 N. Y. 516), modified as above in conformity with decision in
*Barnet* v. *Nat. Bank* (98 U. S. [8 Otto] 555), which the court hold to
be controlling.

Although State courts have concurrent jurisdiction with the Federal courts
in actions by and against National banks, in an action in a State court the
practice and pleadings prescribed by the legislature of the State in regard
to a counter-claim or recoupment cannot be resorted to, so as to defeat
the object and intention of a Federal enactment.

The provision of the U. S. Statute (§ 914), providing that the practice, plead-ings, forms and modes of proceedings, in civil causes, in the Circuit and District Courts, shall conform, as near as may be, to those existing at the time in the courts of record of the State, has no application in such case; it cannot annul or operate to prevent the application and enforcement of a statutory provision of a penal character.

Where, however, a National bank, in the discount of a note, has usuriously reserved a sum greater than the lawful rate of interest, the amount so reserved is forfeited (U. S. R. S., § 5198), and cannot be recovered in an action upon the note.

(Submitted January 3, 1880 ; decided April 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon a decision of the court, on trial without a jury.

This was a reargument. The decision upon the former argu-ment is reported in 75 N. Y. 516.

The action was upon a promissory note, indorsed by defend-ant Lewis, for the accommodation of the makers, and discounted by plaintiff.

Lewis alone answered. His answer alleged in substance, among other things, that the note, upon the day it bears date, was presented to plaintiff for discount, for the sole benefit of the maker; that plaintiff discounted the same, " and then and there knowingly, corruptly and usuriously deducted therefrom and took, received, reserved and charged, by way of discount, and * * * for the loan or forbearance of the sum of money secured by the note for the time the same then had to run * * * a sum of money much greater than at and after the rate of seven per cent, to wit, the sum of one hundred and sixty dol-lars, or thereabouts," and alleged that by so doing the plaintiff forfeited the entire interest.

The said defendant offered to prove on trial the facts so al-leged. The evidence was objected to and excluded, to which defendant's counsel duly excepted. Further facts appear in the opinion.

*Rollin Tracy* for appellant. Defendant was entitled to be allowed as a set-off, or rebate, the interest paid upon the

notes. (*National Bank of Auburn* v. *Lewis*, 75 N. Y. 516 ; *Nudd* v. *Burrows*, 1 Otto, 426 ; *Blease* v. *Garlington*, 2 id. 1 ; *Indiana & St. Louis R. R. Co.* v. *Horst*, 3 id. 291 ; *Kennedy* v. *Gibson*, 8 Wal. 498 ; *Bank of Bethel* v. *Pahquioque Bk.*, 14 id. 383 ; *First Nat. Bk. of Omaha* v. *Douglas Co.*, 3 Dil. 298 ; *First Nat. Bk. of Montpelier* v. *Hubbard*, 49 Vt. 1 ; *Ordway* v. *Central Nat. Bk.*, Thompson's Nat. Bk. Cases, 559 ; *Kidd* v. *Horrobin*, 72 N. Y. 159 ; *Mays* v. *Fritton*, 20 Wal. 414 [418] ; *Hewitt* v. *Northrup*, 57 N. Y. 506 [510] ; Code [old], §§ 149–150 ; 2 R. S. [Edmunds' ed.], 365, § 18 ; *Gutchess* v. *Daniels*, 58 Barb. 401 ; *McCraney* v. *Alden*, 46 id. 272 ; *Woodruff* v. *Peterson*, 51 id. 252 ; *Gleason* v. *Moen*, 2 Duer, 642 ; *Patterson* v. *Patterson*, 59 N. Y. 574 ; *Andrews* v. *The Artisans' Bk.*, 26 id. 298 ; *Harway* v. *The Mayor, etc., of N. Y.*, 1 Hun, 628 ; Story's Eq. Juris., § 64, k.; *Ober* v. *Gallager*, 3 Otto, 199 [206] ; *Jordan* v. *The Nat. S. & L. Bk.*, 74 N. Y. 467 [476] ; *Real Estate Trust Co.* v. *Keech*, 69 id. 248 ; *Crane* v. *Hubbell*, 7 Paige, 413 ; *Judd* v. *Seaver*, 8 id. 584 Broom's Legal Maxims, 193 ; Bigelow on Frauds, 338 ; *Barnet* v. *Muncie Nat. Bk.*, 8 Otto, 555.) Plaintiff should not recover interest on the note sued upon accruing subsequent to its maturity. (*Gould* v. *Town of Oneonta*, 71 N. Y. 305 ; *Purdy* v. *Phillips*, 11 id. 406 ; *Read* v. *City of Buffalo*, 74 id. 463 ; *Town of Genoa* v. *Woodruff*, 2 Otto, 502 ; *National Bk. of Commonwealth* v. *Mechanics' Nat. Bk.*, 4 id. 437 ; *Farmers', etc., Nat. Bk.* v. *Deering*, 1 id. 37 ; *Lucas* v. *Government Nat. Bk.*, 78 Pa. 228 ; *Walter* v. *Breisch*, 86 id. 457.)

*E. H. Avery* for respondent. There was no error in allowing interest on the note after maturity, by way of damages. (*William* v. *Sherwood*, 7 Wend. 109 ; *Van Rensselaer* v. *Jones*, 2 Com. 138, 140.).

*Per Curiam.* A reargument was ordered in this case by reason of the recent decision of the Supreme Court of the United States in *Barnet* v. *The Muncie National Bank of Indiana* (8 Otto, 555). In the case cited, the court, in con-

sidering the provision contained in section 30 of the National Currency Act of Congress of June 3, 1864 (13 Stat. 99), which relates to knowingly taking, receiving, reserving or charging an illegal rate of interest, holds that two categories are enforced, and the consequences denounced:

1. Where illegal interest has been knowingly stipulated for, but not paid, there only the sum lent without interest can be recovered.

2. Where such illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt against the bank taking the same, by the persons paying such illegal interest or their representatives. The court say: "The payment of the usurious interest is distinctly averred, and it is sought to apply it by way of offset or payment to the bill of exchange in suit. In our analysis of the statute, we have seen that this could not be done." They further remark that "the remedy given by the statute for the wrong is a penal suit. To that the party aggrieved must resort. He can have redress in no other mode or form of procedure, * * * where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case, and mislead the jury to the prejudice of either party." In the case cited the defendant set up that illegal interest was taken, and claimed to recover twice the amount paid, and the case differs from the one at bar in this respect, as in the latter the defendant averred in his answer that illegal interest was taken, and claimed that the taking, receiving or charging a greater rate of interest than seven per cent was a forfeiture of the entire interest which was taken, received, reserved or charged, and that such interest should be set off against the plaintiff's demand. It will be seen that in the former case the claim was for double the amount, while in the latter it was only for the actual amount paid. A distinction therefore exists between the two cases in this respect, but it is not of such a character, we think, as would authorize a holding that the case cited is not controlling and decisive. It is for the Federal court to determine that question, when it may arise, and in accordance with a well-settled

principle we must follow and stand by its decision upon the main question determined, that in an action brought to recover the amount of a promissory note discounted by a National bank, it cannot be set up by way of counter-claim or set-off that the bank in discounting a series of notes, the proceeds of which were used to pay other notes, knowingly took and was paid a greater rate of interest than that allowed by law, and that the remedy in such a case is an action of debt to recover back twice the amount paid.

The counsel for the defendant claims that the question is one of practice, and not the construction of a statute, and that the remedy by way of set-off or rebatement should be upheld; and reliance is placed upon section 914 of the U. S. Rev. Stat., which provides that the practice, pleadings and forms and modes of proceeding in civil causes, in the Circuit and District Courts, shall conform, as near as may be, to those existing at the time in the courts of record of the State within which such Circuit or District Courts are held. This provision was intended to bring about uniformity in the law of proceeding in the Federal and State courts, and was merely a rule of practice in reference to the hearing of cases on trial. (*Nudd* v. *Burrows*, 1 Otto, 426 ; *Blease* v. *Garlington*, 2 id. 1 ; *Ind. & St. L. R. R. Co.* v. *Horst*, 3 id. 291.) It cannot annul or operate to prevent the application and enforcement of a statutory provision of a penal character, and render it of no avail. Such a statute has no such connection with or relation to the practice, pleadings or forms of proceedings in civil cases as to render it of secondary consideration in carrying them into effect, and although the State and Federal courts are clothed with concurrent jurisdiction in actions by and against National banks, it by no means follows that the practice and pleadings which the legislature has prescribed for the State courts, in regard to a counter-claim or a recoupment of mutual demands, shall defeat the object and intention of a Federal enactment. The statute in question is aimed against the receiving or charging of illegal interest, and provides for a forfeiture of the same and for a recovery of double the amount in an action, and upon

no principle can it be held that it shall not be enforced because the action is brought upon the instrument affected by it in the State court, and the practice of that court allows a set-off of a claim against the opposite party. If such was the case, the provision of the statute would be entirely ineffective and useless.

So far there was no error in the rulings at the trial. But the answer set up that in the discount of the note that was sued upon, the plaintiff usuriously reserved a sum larger than at the rate of seven per cent per annum, to wit: the sum of $160. On the trial the defendant sought to prove this fact, but the testimony was rejected and an exception thereto taken. The Federal statute (*supra*) provides that the reserving of usury upon a note shall be held a forfeiture of the entire interest which the note carries with it. Now when a note is discounted, the amount reserved for the discount is the interest reserved. In most cases it is not then paid. The borrower receives the sum called for by the note, less the amount reserved for the discount. That is not paid until the note is paid. It is interest, and it is interest which the note carries with it. If it be a discount at a usurious rate, it is forfeited by reason of the Federal statute. In a suit on the note, it may not be recovered. It is to be held and adjudged forfeited. The trial court should have allowed the defendant to have put in his evidence, and have found whether the allegation of the answer was true, that the plaintiff reserved, on the making of the loan upon the note in suit, more than at the rate of seven per cent per annum, and whether the note carried that interest with it.

The complaint admits that $114 has been paid upon the note. It does not appear, as yet, how this was applied. As a rule, it would apply to pay interest first. But if it should appear on a new trial that the $114 was paid, and was in fact or by operation of law applied upon the discount reserved, there would still be a balance of interest reserved and carried with the note. These facts will be brought out on a new trial, and the proper application of them made.

The judgment should be reversed and a new trial granted, with costs to abide event.

All concur.

Judgment reversed.