FIRST NATIONAL BANK OF PETERBOROUGH *vs.* HENRY
CHILDS & others.

Franklin.　Sept. 20. — 28, 1882.　ENDICOTT, LORD & FIELD, JJ., absent.

Interest received by a national bank upon a promissory note, greater than the rate allowed by the laws of the State where the note was made, in violation of the U. S. Rev. Sts. § 5197, cannot be set off, in an action by the bank upon the note, against the amount due thereon; but the bank is entitled to recover only the face of the note, without interest.

CONTRACT on a promissory note for $600. After the former decision, reported 130 Mass. 519, the case was submitted to the Superior Court, and, after judgment for the plaintiff for the face of the note without interest, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*A. De Wolf*, for the plaintiff.

*C. C. Conant*, for the defendants.

DEVENS, J.　The act of Congress to establish a national currency superseded the state laws on the subject of usury so far as they might otherwise be applicable to national banks. U. S. St.. June 3, 1864, § 30.　U. S. Rev. Sts. §§ 5197, 5198. *Central National Bank* v. *Pratt*, 115 Mass. 539.　*Davis* v. *Randall*, 115 Mass. 547.　The power vested in Congress to establish a bank and to authorize it to lend money, involves the power to fix the rate of interest it may take, and to prescribe the penalties for taking a greater rate.　The rate of interest which under this legislation a national bank was entitled to charge upon loans, was that which was legal in the State, Territory or District where it was located.　U. S. Rev. Sts. § 5197.　The legal rate of interest in New Hampshire, where this bank is located and where the note in suit was made, is six per cent.　Gen. Laws of N. H. of 1878, *c.* 232, §§ 2, 3.　The loan upon which it is founded was originally made on August 31, 1868, for the sum of $600, and a note for that amount was then given, signed by Amzi Childs, for whose benefit the transaction took place, and who paid the discount, and by Henry Childs, which note was renewed from time to time with the same signers, until November 17, 1871, when a note was given

by the original signers and also by Dexter Childs. The latter note was five times renewed, the note in suit, dated August 5, 1875, being the last of the series. The note given was always for the amount lent originally, but from August 31, 1868, to May 5, 1879, Amzi Childs paid either as discount or interest, when the notes became overdue, at the rate of $7\frac{3}{10}$ per cent. The sum thus paid and received amounted to $140.40 on the notes signed by two of the defendants, and the additional sum of $330.32 on the notes signed by all the defendants. These sums the defendants claim to offset and deduct from the note in suit, upon the ground that they are entitled so to do by the U. S. St. of June 3, 1864, § 30, and the U. S. Rev. Sts. § 5198, which states the penalty incurred by national banks accepting or stipulating for illegal interest. This section is as follows: " The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

Under this statute, the defendants contend that the note in suit, being the last in a series of renewals of the original loan of August 31, 1868, is the same debt then contracted; that none of the notes could have borne interest, for the reason that their interest-bearing power was destroyed by the illegal agreement; and that the payments of discount or interest were in effect payments of the principal, and that they should now be deducted from the note in suit. Even if we treat the parties to the present suit as identical with those who were parties to the loan when it was originally made, and the note in suit as affected by all the transactions which have occurred since, whatever changes may have taken place in the form of the security, to this construction there appear to be obvious objections. It treats as payments on the principal those sums which were

distinctly paid for another purpose. It is not in the power of the defendants thus to change their application. Even if the receipt of them exposed the plaintiff to a penal action, had it been seasonably brought, it is not compelled to apply the moneys thus received to purposes not contemplated either by itself or the defendants when they were paid. *Rohan* v. *Hanson*, 11 Cush. 44. *Richardson* v. *Woodbury*, 12 Cush. 279. *Hubbell* v. *Flint*, 15 Gray, 550.

Again, it is sought to impose upon the plaintiff a penalty different from any prescribed by the statute of the United States. That nowhere provides for a forfeiture of the illegal interest actually paid by a deduction from the note or other security when sued. It does not even provide for a recovery of the same by action, although it exposes the party receiving the same to a penal action, the penalty in case of recovery being double the amount of illegal interest paid. Its effect, so far as the note in suit is concerned, is only to destroy its interest-bearing capacity, which may involve a loss greater or less than the illegal interest stipulated for or paid, according to circumstances.

Where a statute creates a new right or offence, and also specific remedies or penalties, they alone apply. Such provisions are exclusive. *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29.

There is, however, most respectable authority in the cases cited by the defendants for the position assumed by them. In *Overholt* v. *Mt. Pleasant National Bank*, 82 Penn. St. 490, it was held that, in an action by a national bank to recover the amount of a note, which was given in renewal of other notes, the defendant is entitled, where illegal interest has been exacted, to credit for all the interest he has paid from the beginning on the loan, and not merely to the excess above the lawful rate. See also *Lucas* v. *Government National Bank*, 78 Penn. St. 228; *Cake* v. *Lebanon National Bank*, 86 Penn. St. 303; *Brown* v. *Erie National Bank*, 72 Penn. St. 209; *Shunk* v. *Galion National Bank*, 22 Ohio St. 508; *Stephens* v. *Monongahela National Bank*, 88 Penn. St. 157; *In re Wild*, 11 Blatch. C. C. 243; *Auburn National Bank* v. *Lewis*, 75 N. Y. 516.

On the other hand, in *Barnet* v. *National Bank*, 98 U. S. 555, it was held that, where illegal interest has been paid upon the

discount of negotiable paper, it cannot, in an action upon such paper, be applied by way of set-off or payment, nor can double the amount of such interest be allowed by way of counter-claim, but the party is restricted to his legal remedy by an independent action. This construction by the Supreme Court of the United States of a law passed by Congress under its constitutional authority, must be deemed authoritative. *Scribner* v. *Fisher*, 2 Gray, 43. *Potter* v. *Irish*, 10 Gray, 416. *Johnson* v. *Merrill*, 122 Mass. 153. The decisions above cited were made before it was announced. It is accepted as final upon this point by the Supreme Court of Pennsylvania in *Clarion National Bank* v. *Gruber*, 91 Penn. St. 377. In that case, the court below had ruled that there could be a recovery for such moneys as were paid by the plaintiff as interest or discount where such moneys so paid were in excess of six per cent, which was apparently the lawful interest. Mr. Justice Gordon, in giving the opinion of the Supreme Court of Pennsylvania, says very frankly, " By a recent decision of the Supreme Court of the United States, this would seem to be error, but it is an error of this court rather than of the court below, for our decisions in *Lucas* v. *Bank*, 78 Penn. St. 228, and kindred cases, were followed." · After stating the facts in *Barnet* v. *National Bank, ubi supra*, he adds, " From this it appears that neither by set-off nor original action can interest, over legal rate, paid to a national bank, be recovered except by way of penalty, as prescribed by act of Congress of June 3, 1864." See also *Fayette County National Bank* v. *Dushane*, 96 Penn. St. 340. The same effect is also given to this decision of the Supreme Court of the United States by the Court of Appeals of New York in *Auburn National Bank* v. *Lewis*, 81 N. Y. 15.

While the defendants upon proper proofs were entitled to recover double the amount of the illegal interest paid by them, they could only do so by resorting to a suit brought specially for that purpose within the time limited by law. The right to avail themselves of such payments in set-off was not given by statute, and the deductions claimed by them cannot be made.

There remains the single inquiry whether the plaintiff is entitled to any interest upon the note now in suit. This the plaintiff claims at least from the date of the writ. It is found that the sum of $11.16 was the amount of illegal discount paid upon

the note in suit. Discount is interest either paid in advance or reserved in the note. As the note continued always for the same amount, this sum was therefore paid in advance. In *Barnet* v. *National Bank, ubi supra,* Mr. Justice Swayne, in analyzing section 5198 of the U. S. Rev. Sts. says: " Two categories are thus defined and the consequences denounced: 1. Where illegal interest has been knowingly stipulated for, but not paid, there only the sum lent without interest can be recovered. 2. Where such illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt or suit in the nature of such action against the offending bank, brought by the persons paying the same or their legal representatives."

The effect of the first clause seems to us inadvertently stated by the learned judge in this, that it fails to include all the contingencies provided for by that clause, which applies the forfeiture of interest upon the note or other security, not merely where illegal interest has been stipulated for but not paid, but also where it has been knowingly taken, received or reserved. This analysis is used by Mr. Justice Swayne argumentatively, and does not affect the points decided by the case or involved in the judgment of the court, which determines only two questions: first, that payments of usurious interest cannot be applied in offset or payment to the bill of exchange in suit; and, second, that a claim to recover double the amount of illegal interest, paid by way of counter-claim in the pending suit on the bill, cannot be maintained. The category provided for by the first clause of the section is here found to exist, because it is found that illegal interest was knowingly paid to the amount of $11.16 on the note in suit. The forfeiture of the interest which the note carries with it, or which has been stipulated to be paid thereon, is attached to the instrument itself. It may be insisted upon by way of defence to the note whenever it is sued. Nor is it so limited that it must be set up within two years, although the penal action provided for by the second clause of the section must be brought within that time. *Peterborough National Bank* v. *Childs*, 130 Mass. 519. As the note can be made the foundation only of a judgment which does not include interest upon it, had the illegal interest of $11.16 been reserved from the note instead of having been paid upon it, the note would have carried

that interest with it, and that sum would have been forfeited, as well as all other sums of interest which might have accrued. *Auburn National Bank* v. *Lewis, ubi supra.* Where such payment is made in advance, the interest-bearing quality of the note is equally destroyed, although there cannot be a deduction of the illegal interest paid by way of offset. The judgment in this case for the face of the note, without interest, was therefore correct.    *Judgment affirmed.*