DAVID P. MOREHOUSE, AS RECEIVER, ETC., OF DUNCAN McRAE, RESPONDENT, *v.* THE SECOND NATIONAL BANK OF OSWEGO, APPELLANT.

*National bank — action against it for taking usury — when the usury has been paid, within the meaning of the statute — a balance due from the depositor on an unpaid note cannot be set off against the penalties — U. S. R. S., sec. 5198.*

This action was brought by the plaintiff, a receiver of the property of one McRae, to recover penalties incurred by the defendant, a national bank, by taking unlawful interest from the debtor. It appeared that for a period of fifteen months, in the two years immediately preceding the commencement of the action, the defendant had discounted McRae's notes at the rate of thirteen per cent per annum. And it also appeared from the books of the bank that all the paper so discounted had been paid, except the note last discounted, as the balance apparently due from him by the said books was less than the face of the said note.

*Held,* that the usurious excess had been paid to the bank within the meaning of the statute.

That the balance due from McRae could not be set off against the amount due from the bank for the penalties.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*S. C. Huntington & Son,* for the appellant.

*B. B. Burt,* for the respondent.

DWIGHT, J.:

This is an action for penalties for taking unlawful interest, under section 5198 of the Revised Statutes of the United States. The plaintiff is a receiver in proceedings supplementary to execution of the property of one McRae, in whose favor the alleged cause of action arose.

The loans to McRae were by way of discounts, continuing through a period of about twenty months, fifteen months of which were included within the two years (before the commencement of the action) limited by the statute. Proof of the transactions between the parties was made partly by the evidence of McRae and officers of the defendant, but chiefly by the bank pass-book which exhibited the account of McRae as kept by the officers of the bank; on the one side credits to McRae of cash and the avails of discounts, on the other debits of checks drawn against the account. The particular books of the bank which contained the entries of these transactions were mysteriously missing, and were not produced by officers of the bank in response to subpœnas *duces tecum.* The best evidence attainable seems to have been given by the plaintiff of the dealings of the bank with McRae. It was wholly uncontradicted, and it seems to have established with sufficient certainty the facts found by the referee. These facts, so far as material to the questions presented on this argument, are that the defendant during the fifteen months embraced within the two years, discounted a large amount of paper at the rate (generally) of thirteen per cent per annum. That the total of the deductions by way of discount in excess of seven per cent per annum amount to the sum of $946.75 ; that the final balance of account against McRae on the 31st day of October, 1878, as shown by the proof of debt in bankruptcy against McRae, made by the defendant and verified by its president, as also by the verified answer of the defendant in this action was $6,479.50. From which it follows that all the paper discounted by defendant for McRae was paid before the date mentioned, except the last note of $8,106.03, discounted August 28, 1876, and that something like $1,700 was paid on that. The discount on that note (being for one month and at the rate of thirteen per cent per annum) was ninety-two dollars and fifty-three cents.

There was evidence on the part of the defendant tending to show, and the referee finds, an agreement between McRae and the bank in November, 1876, by which he was to release and discharge his claim for penalties, and the bank was to credit him with the amount of such penalties, and apply them in payment of the balance of account due to the bank after applying collections from other sources.

This was an agreement which it was entirely competent for the parties to make, and had it been executed, would have been binding and a complete answer to his action. But it was unexecuted. Indeed, it seems to have been entirely ignored by both parties. The bank proceeded to prove its entire claim against McRae in bankruptcy, setting out under oath a statement of the indebtedness which gave no credit for the penalties in question, and proceeded, also after the alleged settlement, to bring an action and verify a complaint on one of the notes which was embraced in the settlement, if a settlement was made. The alleged settlement seems to have been only an unexecuted accord and satisfaction, and therefore of no avail to either party.

This leaves but two questions in the case as presented by the appellants on this argument: 1st. Was the excess of interest complained of " paid " within the meaning of the statute: and 2d. Can the defendant avail itself of the balance due from McRae on the general account as an offset to the claim for penalties. In the case of the *National Bank of Auburn* v. *Lewis* (81 N. Y., 15) the court hold, in effect, that the deduction made by way of discount on a note is interest reserved, and that it is not paid until the note is paid, or a payment made thereon which either by agreement of the parties or by operation of law is applied to the payment of the interest.

But the rule is recognized, as governing in such case, that a partial payment on a security drawing interest is to be first applied in payment of interest. Upon this principle the interest on all the notes in this case was paid, for, as we have seen, all the notes were paid in full except the last, and a payment had been made upon that more than sufficient to cover the interest.

I am not aware that the other question, namely, of offset, has been directly passed upon in an action for the penalties, when the attempt has been to offset the amount due on the notes, but it clearly must be decided adversely to the defense.

In the case of the *National Bank of Auburn* v. *Lewis* (*supra*) it was held, following *Barnet* v. *National Bank* (98 U. S., 555), that a cause of action for the penalties in question could not be offset in an action for the amount due on the notes; and it would seem, on principle, that the rule must work both ways. Indeed, the reasoning of the two decisions last cited is as applicable to the

one case as to the other. The action given by the statute is, in the strictest sense, a penal action. The penalty is incurred the moment the illegal interest is exacted and received; and in the case of *Barnet* v. *Bank*, the court say that the penalty can be recovered only in an action "where the sole issue is the guilt or innocence of the accused without the presence of any extraneous facts which might confuse the case," etc.. This is directly to the effect that in an action for the penalty no other question can be litigated than the question whether the illegal interest was received; and such I suppose is the rule in all penal actions.

This disposes of all the questions argued on this appeal. Other questions are suggested in the brief of counsel, but they do not seem to require or admit of extended discussion. One of the objections was that the State court had no jurisdiction of the action for penalties given by a statute of the United States. But all the authorities are to the contrary, and the express provisions of the national banking act are equally so. (See U. S. R. S., § 5136, sub. 4; sec. 5198, as amended in 1875; *Claflin* v. *Houseman*, 3 Otto, 130.)

Another objection to the judgment suggested on the brief was that necessary proofs were not made preliminary to the order for the appointment of the plaintiff as receiver of McRae. But the proof of the appointment was offered and received without objection; and no objection to the sufficiency of that proof was made at any stage of the trial.

We do not see that any of the defendants' objections to the judgment are well founded, and are of the opinion that the judgment must be affirmed.

All concur.

So ordered.