JOSIAH HOWE *et al. vs.* J. AVERY TEFFT.

An attachment laid on a vessel under the laws of a state cannot interfere with the rights of mortgagees under a prior mortgage of the vessel duly recorded according to the laws of the United States.

Hence, when a vessel had been mortgaged and the mortgage duly recorded under the United States shipping laws, a garnishee cannot set up the garnishment against replevin brought by the mortgagees to obtain the vessel.

The omission of a court to charge a garnishee in its judgment against a principal debtor will not affect the garnishee's right to set up the garnishment, if valid, against replevin brought for the attached personalty.

EXCEPTIONS to the Court of Common Pleas.

*Providence, February* 26, 1887. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. The action is replevin for a schooner with her appurtenances. At the trial in the court below, the plaintiffs, in proof of their title, ad duced evidence to show that in February, 1881, Lyman R. Beebe, of New Haven, Connecticut, being then sole owner of the schooner, mortgaged her to the plaintiffs as security for a promissory note for $2,500 given by him to them, payable on demand; that the titles both of Beebe and themselves were duly registered or re corded under the laws of the United States, at New Haven; that within six months after the note was given, and frequently after wards, they demanded payment, but that neither the note nor any

part of it had been paid; that May 30, 1884, they entered the schooner by their agent, while she was lying at the defendant's wharf in Westerly, in this State, for the purpose of taking possession, and demanded possession, which was refused; whereupon they commenced their action.

The defendant, under appropriate pleas, adduced evidence to show that, before any demand was made on him by the plaintiffs, he had been served as garnishee in an action in the Court of Common Pleas against said Beebe by one Joseph W. Hancox, and May 1, 1884, had made affidavit in said action that he had the schooner and her appurtenances in his hands when served, and afterwards, in August, 1884, Hancox recovered judgment in said action against Beebe, and execution issued thereon; and he claimed that as garnishee he was entitled to retain possession of the schooner as against the plaintiffs. The court sustained the claim, and the plaintiffs excepted.

Under our statutes, Pub. Stat. R. I. cap. 208, § 4, " personal estate, when mortgaged and in the possession of the mortgagor, and while the same is redeemable at law or in equity, may be attached on mesne process against the mortgagor, in the same manner as his other personal estate." Under this provision, if it stood alone, we think there could be no question but that the chattel, while in the possession of the mortgagor and redeemable, would be liable to attachment by garnishee process. The provision is connected with other provisions for the sale of the chattel attached, as if it were assumed that the chattel when attached would be in the hands of the officer, and from this it is argued that the only way in which an officer can attach a mortgaged chattel is by taking it into his possession. The argument is not without force, but we deem it unnecessary to decide whether it be tenable, inasmuch as we are of opinion that the attachment was invalid on another ground. The bill of exceptions shows that the plaintiffs are mortgagees by mortgage duly registered under the shipping laws of the United States. They hold their title under those laws, and the question is, whether an attachment under state laws can avail to interfere with, modify, or obstruct the exercise of their rights as mortgagees under those laws. We think the question is virtually answered by the decision of the Supreme Court of the United States in the case

of *Aldrich* v. *Ætna Company*, 8 Wall. 491, cited for the plaintiffs, and in the case of *White's Bank* v. *Smith*, 7 Wall. 646. In the latter case the court held that the recording of a mortgage in the office of the collector of the home port protected the interest of the mortgagee against subsequent purchasers or mortgagees by its own force, and consequently that a first mortgagee was entitled to his priority over a subsequent purchaser or mortgagee, though under the state law, if effect had been given to it, he had lost his priority by omitting to comply with one of its requirements. " Congress having created, as it were, this species of property," say the court, " and conferred upon it its chief value under the power given in the Constitution to regulate commerce, we perceive no reason for entertaining any serious doubt but that this power may be extended to the security and protection of the rights and title of all persons dealing therein." In *Aldrich* v. *Ætna Company*, it was held that the mortgage of a vessel duly recorded under an act of Congress cannot be defeated by a subsequent attachment under a state statute, enacting that no mortgage of, such property shall be valid, as against the interests of third persons, unless possession be delivered to and remain with the mortgagee, or the mortgage be recorded in a manner in which the mortgage in controversy was not recorded, the doctrine of the court being that the registration laws of the United States exclude all state legislation in respect to the same subject.

It is true that in these cases the claim of the subsequent purchaser, mortgagee, or attaching creditor was, that the first mortgagee had lost his priority by an omission to comply with a requirement of the state laws; whereas in the case at bar there was no claim that the mortgagee had lost his priority by any such omission, but only an attempt to subject the mortgage, while recognizing its validity, to attachment in the manner provided for by the state laws. This only shows, however, that in the case at bar the interference of state and federal law would be less complete, if permitted, than the interference would have been in the cases cited, if permitted; but nevertheless the interference would exist, for, notwithstanding the recognition of the mortgage as valid, the attachment is made paramount to it for the time being, the right of the mortgagee being held in abeyance until the determination

of the suit, unless the mortgaged chattel is sold pending the suit, under Pub. Stat. R. I. cap. 208, §§ 5, 6 ; and moreover, in case of sale under the attachment, either pending the suit or on execution after judgment, it is not simply the interest of the mortgagor that is sold, but the entire chattel, the way in which the mortgage is recognized being by paying the proceeds of the sale to the amount of the mortgage to the mortgagee, and reserving only the balance for the attaching creditor. The interference with the right of the mortgagee by the attachment is therefore serious ; it might be ruinous, if the vessel were long detained to await the event of the suit, or if it were sold in some port at a distance from the mortgagee, under unfavorable circumstances. We think there can be no doubt that the Supreme Court of the United States would hold such an attachment invalid as against the mortgagee under the laws of the United States.

The second exception is, because the court below refused to rule that the attachment was no justification for the defendant, inasmuch as the defendant was not charged as garnishee in the attachment suit when judgment was rendered for the plaintiff in that suit. We do not think the omission of the court to charge the defendant as garnishee could affect his right to set up the attachment, if valid, by way of justification in this suit. The second exception is overruled.

*First exception sustained and case remitted for new trial.*

*Crafts. & Tillinghast,* for plaintiff.

