# THE NATIONAL STATE BANK OF ELIZABETH, RESPONDENT, *v.* ELIJAH BRAINARD AND ANOTHER, APPELLANTS.

*National banks — purchasing paper before maturity is a discount — illegal interest taken upon such a purchase — when all interest upon the paper ceases — a subsequent payment must be applied to principal.*

The Revised Statutes of the United States (§§ 5197, 5198) provide that a national bank may discount drafts at the rate of interest which prevails in the State where the bank is located, but that if it exacts knowingly a greater rate, the entire interest which the evidence of debt carries, or which has been agreed to be paid

thereon, shall be forfeited; that if such greater rate of interest has been actually paid, then twice such amount may be recovered from such bank if an action therefor is brought within two years.

*Held,* that where a bank purchased drafts of a note broker before their maturity at a discount of fifteen per cent, the bank being located in New Jersey where the legal rate of interest is six per cent, it was a discounting by the bank at an illegal rate.

That as the interest, in such a transaction, is reserved, and not actually paid, such interest is, by the terms of the statute, forfeited.

That the drafts lost their interest-bearing capacity in such wise as not to draw interest, even after their maturity.

After the drafts became the property of the bank the executor of the acceptor thereof, without giving any directions as to its application, made a payment upon said drafts. The bank applied the moneys, in great part, to the payment of interest accrued upon said drafts.

*Held,* that the usurious discount had destroyed the interest-bearing capacity of the drafts; that thereafter no interest could become due, and that any subsequent payment, in the absence of instructions from the party paying, would be applied by the law to the payment of the principal.

APPEAL by the defendants, Elijah Brainard and Morris F. Brainard, from a judgment, entered in the clerk's office of the city and county of New York on the 17th day of June, 1890, upon a verdict for the plaintiff for $13,077.45, after a trial at the New York Circuit before the court and a jury.

It appeared upon the trial of the action that certain drafts were purchased by the plaintiff from a note broker in the city of New York. They were nine in number, drawn by the defendants to their own order, and were accepted by E. G. Brown. Their amount, $12,285.85, with interest, less $2,360, was the amount of the verdict. One Ryder, executor of Brown, before the drafts had matured paid to the plaintiff $2,500 without giving any directions as to its application. Of this amount the plaintiff applied $139.61 to interest due on two other notes of Brown, and the balance, $2,360,39, it applied to interest accrued upon the drafts in suit.

*J. Tredwell Richards,* for the appellants.

*S. J. McCutcheon,* for the respondent.

PER CURIAM :

There is no dispute as to the fact that the plaintiff discounted the drafts in suit at the rate of fifteen per cent per annum, while

the rate allowed by the laws of the State of New Jersey, where the bank is located, was only six per cent. This act brought the bank within the operation of sections 5197 and 5198 of the Revised Statutes of the United States. Section 5197 provides that national banking associations may receive, reserve and charge on any loan or discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate allowed by the laws of the State, territory or district where the bank is located. Section 5198 provides as follows:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest, which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid or his legal representatives may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred."

The effect of the provisions of the national currency act which are embodied in these sections was considered by the Supreme Court of the United States in the case of *Barnet* v. *National Bank* (98 U. S., 555), and it was there declared that the statute defined two categories and announced the consequences thus:

"1. Where illegal interest has been knowingly stipulated for, but not paid, there only the sum lent without interest can be recovered.

"2. Where such illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt, or suit in the nature of such action, against the offending bank, brought by the persons paying the same or their legal representatives."

In that case it was accordingly held that where usurious interest had been actually paid to a national bank upon a bill of exchange, such interest could not be applied by way of offset or payment on the instrument.

Under this decision, the interest prior to maturity upon the drafts involved in the present suit was forfeited, if it was merely reserved but not paid. As was said in the case of the *National Bank of Auburn* v. *Lewis* (81 N. Y., 20): "When a note is discounted, the amount reserved for the discount is the interest reserved. In

most cases it is not then paid. The borrower receives the sum called for by the note, less the amount reserved for the discount. That is not paid until the note is paid. It is interest, and it is interest which the note carries with it. If it be a discount at a usurious rate, it is forfeited by reason of the Federal statute. In a suit on the note, it may not be recovered. It is to be held and adjudged forfeited."

These views would necessarily result in an affirmance of the judgment if no other questions were presented by this appeal. The defendants, however, insist that it was error to permit any recovery, on account of interest accruing after the maturity of the drafts in suit, and that a payment of $2,360, made to the bank by the executor of the acceptor, was erroneously credited on account of such interest, whereas it should have gone to diminish the amount of the principal debt. In both respects we think the contention of the appellants is correct.

The forfeiture prescribed by the Federal statute is not merely a forfeiture of the interest which has been agreed to be paid, but a forfeiture " of the entire interest which the note, bill or other evidence of debt carries with it." In other words, the reservation or acceptance of usury destroys the further interest-bearing capacity of the paper. It was so held by the Supreme Judicial Court of Massachusetts, in the case of the *Peterborough National Bank* v. *Childs* (133 Mass., 248), in an opinion with the reasoning and result of which we entirely concur.

As to the payment of $2,360, which has been mentioned, there was no competent evidence of any intention to apply it to the interest on the part of the person from whom the money was received. The drafts having lost their capacity to draw interest, no interest was due, and the payment could properly be applied only on account of the principal. (See *Adams* v. *Mahnken*, 41 N. J. Eq. [14 Stewart], 332; *Gill* v. *Rice*, 13 Wisc., 549; *Greene* v. *Tyler*, 39 Pa. St., 361.)

The judgment must, therefore, be reversed and there must be a new trial, unless the respondent will stipulate to reduce the judgment by deducting the amount included therein for interest accruing since the maturity of the drafts, together with the $2,360 which should have been credited as a payment on the principal.

If this is done, the judgment, as modified, will be affirmed, without costs.

Present — VAN BRUNT, P. J., BARRETT and BARTLETT, JJ.

Judgment modified as expressed in opinion, and, as modified, affirmed, without costs.