(21 Misc. Rep. 510.)

### CAPONIGRI v. ALTIERI et al.

(City Court of New York, General Term. October 26, 1897.)

BANKS AND BANKING—USURY—PENALTY—SET-OFF.

    Under Code Civ. Proc. § 501, providing that defendant may set up a counterclaim "when the cause of action arises out of the transaction or contract set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," defendant in an action on a note given to an individual banker for a loan at more than legal interest may set up as a counterclaim his demand for double interest, the penalty provided by Laws 1892, c. 689, § 55, though said section declares that its meaning "is to place and continue banks and individual bankers on an equality in the particulars herein referred to with the national banks organized under" Act. Cong. June 3, 1864, and under said act the penalty named therein cannot be set up as a counterclaim in an action for the loan.

Appeal from trial term.

Action by Pasquale Caponigri against Pasquale Altieri and another. From a judgment entered on a verdict in favor of defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, CONLAN, and SCHUCHMAN, JJ.

Charles W. Dayton, for appellant.

Burr & De Lacy, for respondents.

SCHUCHMAN, J.   This is an appeal from a judgment in favor of the defendant, entered upon a verdict rendered by the jury, and from an order denying a motion for a new trial, made on the judge's minutes. The action was brought on a note for $1,000 made by the defendant Pasquale Altieri to the order of, and indorsed by, the defendant Pietro Altieri. The answer admits the making of the note, and the indorsement and delivery to the plaintiff, but alleges that the note sued on was a part of a former $3,000 note given in December, 1891, and that the note in suit is part and parcel of the said $3,000 note, which was usurious, in that for the forbearance of the payment of the same the defendants made to the plaintiff six payments of $150 each, and five payments of $50 each, over and above the legal rate of interest, pursuant to agreements made between plaintiff and the defendants, and further sets up counterclaims for double the amount of the usurious sums paid as aforesaid, pursuant to section 55 of the banking laws of this state (chapter 689 of the Laws of 1892). Said section reads as follows:

"Every bank and individual banker doing business in this state, may take, receive, reserve and charge on every loan or discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate of six per cent. per annum; and such interest may be taken in advance, reckoning the days for which the note, bill or evidence of debt has to run. The knowingly taking, receiving, reserving or charging a greater rate of interest shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. If a greater rate of interest has been paid, the person paying the same, or his legal representatives, may recover back twice the amount of the interest thus paid from the bank or individual banker, taking or receiving the same, if such action is brought within two years from the time the excess interest is taken."

This section is identical with the federal statute in regard to national banks organized under the act of congress approved June 3, 1864. Said chapter of the Laws of 1892 of this state reads further as follows:

"The true intent and meaning of this section [meaning section 55] is to place and continue banks and individual bankers on an equality in the particulars herein referred to with the national banks organized under the act of congress, entitled 'An act to provide a national currency, secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof,' approved June 3, 1864."

The plaintiff in this case is a private or individual banker. Perkins v. Smith, 116 N. Y. 441, 23 N. E. 21. The appellant now raises the point that the counterclaim was inadmissible, inasmuch as our state statute is identical with the federal statute, and inasmuch as the federal supreme court has decided that, in an action on a promissory note on which usurious interest has been charged, the penalty fixed by

the above statute (that the borrower can recover from the lender double the amount of the usurious interest paid) cannot be set up as a counterclaim against the recovery of the loan, on a promissory note representing the loan; and he relies upon the cases of Barnet v. Bank, 98 U. S. 555, and Bank v. Lewis, 81 N. Y. 15. It is true that these cases hold that, in an action brought by or against a national bank organized under the federal statute, such a counterclaim cannot be set up, whether the suit is brought in a federal court or in our state courts; but in the case at bar the counterclaim derives its existence from the above-mentioned state statute, which is subject to the practice, pleadings, and forms and modes of proceedings in civil causes in this state, and is between party litigants who are citizens of this state; and therein lies the distinction. No national bank, created by federal authority and subject to federal statutes, is a party litigant to this case. Pursuant to section 501, Code Civ. Proc., a defendant can set up a counterclaim "when the cause of action arises out of the transaction or contract set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." And this is so whether the cause of action is in contract or tort. Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189; Weston v. Turver (Sup.) 1 N. Y. Supp. 807; Littman v. Coulter (City Ct. N. Y.) 7 N. Y. Supp. 1. We therefore conclude that the counterclaims set up in the defendants' answer are and do constitute good and sufficient defenses to the plaintiff's cause of action herein.

On the trial the plaintiff maintained and submitted proof that the $1,000 note in suit was given by the defendants to him in payment of a note of $1,000 which he had indorsed as an accommodation for the defendants, and which was discounted by the Twelfth Ward Bank, and had gone to protest, and he was required to, and did, take up said note from the bank with his own money. The defendants, however, claimed and submitted proof to the effect that the $1,000 note in suit was part and parcel of a former $3,000 note, on which $1,000 had been paid by them on account, and that for the forbearance of the payment of the said note down to April 3, 1894, the various usurious amounts set forth in the defendants' answer were paid by them to the plaintiff. The conflict of evidence thus raised was fairly submitted to the jury, by a charge to which no exception was taken (except to that portion which says that the jury may find for the defendants on the counterclaim or affirmative defense); and the judge expressly, in his charge, limited the recovery of the defendants' counterclaim to the two years prior to April 3, 1894,—the commencement of the action,—agreeably to the above-cited statute. We cannot say that the verdict is against the evidence, nor against the weight of evidence. The exceptions taken by the appellant are fully answered in the eighth point in respondents' brief, and none of them presents any reversible error.

Judgment and order appealed from affirmed, with costs. All concur.