## BARNET v. NATIONAL BANK.

1. In a suit by a national bank against all the parties to a bill of exchange discounted by it, to recover the amount thereof, the assignees of the acceptor — the latter having made an assignment for the benefit of his creditors — cannot, having intervened as parties, set up by way of counter-claim or set-off that the bank, in discounting a series of bills of their assignor, the proceeds of which it used to pay other bills, knowingly took and was paid a greater rate of interest than that allowed by law.

2. The act of June 3, 1864 (13 Stat. 99, sect. 30), having prescribed that, as a penalty for such taking, the person paying such unlawful interest, or his legal representative, may, in any action of debt against the bank, recover back twice the amount so paid, he can resort to no other mode or form of procedure.

ERROR to the Circuit Court of the United States for the Southern District of Ohio.

The facts are stated in the opinion of the court.

Submitted on printed arguments by *Mr. R. B. Wilson*, *Mr. Samuel Shellabarger*, and *Mr. Jeremiah M. Wilson*, for the plaintiffs in error, and by *Mr. M. B. Hagans* for the defendant in error.

Mr. Justice Swayne delivered the opinion of the court.

The bank brought this suit upon a bill of exchange, dated Nov. 18, 1873, for $4,000, drawn by David Barnet upon Barnets & Whiteside, in favor of Robert Marshall, and payable ninety days from date, at the Second National Bank of Cincinnati, Ohio. It was accepted by the drawees, indorsed by the payee, and discounted by the Muncie National Bank of Indiana. Before the maturity of the bill the acceptors made an assignment to David Barnet and Isaac E. Craig, the plaintiffs in error. The suit was commenced in the Court of Common Pleas of Preble County, Ohio, against all the parties to the bill. The assignees intervened and made themselves parties. After the pleadings were made up, the case was removed by the bank to the Circuit Court of the United States for that district. There new pleadings were filed on both sides. The assignees set up three defences: 1. That Barnets & Whiteside were borrowers from the bank as early as Jan. 11, 1866; that the indebtedness was continuous and unbroken from April 8, 1866; that it was at no time less than $4,000, and amounted at one time to $36,000; that at the time of the assignment it was $28,000, upon bills of exchange which represented it; that the bank had taken not less than $5,000 in excess of the legal rate of interest; that for evasion the bills were arranged in series, and that each series was terminated from time to time by refusing to renew and the discounting of a new bill, the proceeds of which were applied in payment of the prior terminating one; that the bank had received satisfaction of all the bills but the one in suit, and that there was nothing due from the defendants. 2. That the bill in suit was the last of eight renewals; that illegal interest was taken upon the series to the amount of $1,116, which it was claimed should be applied as a payment upon the bill in question. 3. That fifty-one bills of exchange of $4,000 each, having ninety days to run, were discounted by the bank for

the assignors, the first bearing date March 27, 1872, and the last, July 27, 1873 (the date of each one is given); that illegal interest was taken upon these bills to the amount of $6,324; and that the assignees are entitled to recover double this sum from the bank, to wit, $12,648. There is a prayer for judgment accordingly, and for other proper relief.

Marshall, the payee and indorser of the bills, also filed an answer; but as the record discloses no question raised by him, it need not be more particularly adverted to.

The bank demurred to the several defences set up by the assignees. To the first and third the demurrer was sustained, and overruled as to the second. Upon the latter the plaintiff took issue, and the case was tried by a jury. The jury rendered a verdict in favor of the bank for $4,080.31, and judgment was given accordingly. It does not appear that any thing done by the court touching this trial was objected to by the plaintiffs in error. There is no bill of exceptions in the record.

But one point has been insisted upon by the plaintiffs in error in this court, and it is that the Circuit Court erred in sustaining the demurrers to their first and third defences. That is the only subject before us for examination.

All questions arising under the second defence have been disposed of by the verdict and judgment. How the jury reached their conclusion it is not easy to see, but this is not material, as nothing relating to that part of the case is open to inquiry.

The national currency act of Congress of June 3, 1864 (13 Stat. 99, sect. 30), after prescribing the rate of interest to be taken by the banks created under it, declares : —

" And the knowingly taking, receiving, reserving, or charging a rate of interest greater than aforesaid shall be held and adjudged to be a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon; and in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back, in any action of debt, twice the amount of interest thus paid, from the association taking or receiving the same: *Provided*, that such action is commenced within two years from the time the usurious transaction occurred."

Two categories are thus defined, and the consequences denounced : —

1. Where illegal interest has been knowingly stipulated for, but not paid, there only the sum lent without interest can be recovered.

2. Where such illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt or suit in the nature of such action against the offending bank, brought by the persons paying the same or their legal representatives.

The statutes of Ohio and Indiana upon the subject of usury may be laid out of view. They cannot affect the case.

Where a statute creates a new right or offence, and provides a specific remedy or punishment, they alone apply. Such provisions are exclusive. *Farmers' & Mechanics' Nat. Bank* v. *Dearing*, 91 U. S. 29.

The procedure in the case after it reached the Circuit Court, as well as before, was governed by the Ohio Code of Practice. *Indianapolis, &c. Railroad Co.* v. *Horst*, 93 U. S. 291.

The ground of demurrer specified as to both the defences in question is, that the assignees had no legal capacity to defend or prosecute by counter-claim in the case. But this does not take from the plaintiff the right to insist that the facts set forth were insufficient to bar the action. Swan, Plead. and Prac. 234 ; 1 Nash, Plead. and Prac. 161. Under the New York code, from which the Ohio code is largely copied, it has been held that a demurrer to an answer may be sustained upon a ground not adverted to in the argument by the counsel upon either side. *Xenia Branch of State Bk. of Ohio* v. *Lee*, 2 Bosw. (N. Y.) 694. The demurrer was a waiver of every objection not specified, except the substantial and fatal insufficiency of the pleading to which it related with respect to the facts alleged.

An issue ought not to be tried where it would be a sheer mistrial and a mere waste of time. The court ought *sua sponte* to strike it out or disregard it. If a frivolous issue is left in the record, it does not therefore follow that it is to be seriously treated.

In the first defence, the payment of the usurious interest is distinctly averred, and it is sought to apply it by way of

offset or payment to the bill of exchange in suit. In our analysis of the statute, we have seen that this could not be done. Nothing more need be said upon the subject.

In the third defence as set forth the like payment is alleged, and there is a claim to recover double the amount paid by way of counter-claim in the pending suit on the bill.

This pleading is also fatally defective for the same reason as the first one. The remedy given by the statute for the wrong is a penal suit. To that the party aggrieved or his legal representative must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress, and both provisions are alike obligatory upon the parties.

While the plaintiff in such cases, upon making out the facts, has a clear right to recover, the defendant has a right to insist that the prosecution shall be by a suit brought specially and exclusively for that purpose, — where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case, and mislead the jury to the prejudice of either party.

The point specified in the demurrer we have had no occasion to consider. Both defences, as they appear in the record, are perhaps liable to other objections ; but in examining the case we have not gone beyond the points we have discussed, and we decide nothing else.

*Judgment affirmed.*