GEORGE ELLIS ET AL.

v.

FIRST NATIONAL BANK OF OLNEY.

</div>

1.  USURY—NATIONAL BANKING ACT.—Under the act relating to na-tional banks the penalty for charging usurious interest is a forfeiture of the entire interest, and in cases where usurious interest has been actually paid, the party may recover double the amount of interest paid.

2.  SET-OFF OR COUNTER-CLAIM.—In cases where usurious interest has been paid, the remedy of the party seeking to recover the statutory penalty of double the amount, is by an action of debt; such penalty can not be set up by way of set-off or counter-claim to a suit brought to recover the princi-pal sum.

3.  STATUTE OF LIMITATIONS.—The provision of the statute requiring actions for the recovery of usurious interest to be brought within two years, applies only to cases where the usurious interest has actually been paid.

ERROR to the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed September 29, 1882.

Mr. J. C. ALLEN, for plaintiffs in error; as to the forfeiture of interest, cited U. S. Statutes, § 5197. Far. Nat. Bank v. Dearing, 1 Otto, 29.

The two years' limitation does not apply: Lucas v. Governmental Bank, 78 Pa. St. 228; Overhold v. Nat. Bank, 82 Pa. St. 490; Cake v. First Nat. Bank, Thompson's Nat. Bank Cas. 890; Duncan v. First Nat. Bank, Thompson's Nat. Bank Cas. 350.

Messrs. WILSON & HUTCHINSON, for defendant in error; that national banks are not controlled by State laws in the matter of interest, cited Nat. Bank Act, § 30; Nat. Bank v. Denis, Thompson's Nat. Bank Cas. 350.

The set-off can not be allowed, more than two years having elapsed: Shinkle v. First Nat. Bank, 22 Ohio St. 516; Ball on National Banks; Nat. Bank v. Boylan, 2 Abb. N. Cas. 216; Highley v. First Nat. Bank, 26 Ohio St. 75; Duncan v. First Nat. Bank, 11 B'k Mag. 787.

Where usury has been actually paid, the only remedy is by an action for the penalty: Brown v. Second Nat. Bank 72 Pa. St. 209.

BAKER, P. J. This was assumpsit by the First National Bank of Olney, defendant in error, against plaintiffs in error, on three promissory notes for $400 each, dated respectively November 19th, December 2d and December 7th, 1881, and each due ninety days after its date. Plaintiffs in error filed three pleas, the first of which was the general issue. The 2nd plea was a plea of usury, and purported to answer as to $1,200 of the damages claimed. The plea alleged the borrowing of $600 on the 21st of January, 1873, and the execution of a note for that sum due in ninety days, and that out of said sum of $600, defendant in error usuriously and unlawfully retained twelve per cent. as advanced interest on said note, and that said note was renewed at the end of every

ninety days from that date until October 27, 1877, and that upon each of such renewals, defendant in error exacted and received twelve per centum on said $600, and that the same was paid, etc. The plea further averred the borrowing, on the 19th of January, 1874, of an additional sum of $500, for which a ninety day note was given, and twelve per cent. interest in advance exacted, and that said $500 note was renewed at the end of each ninety days until October 27, 1877, and that upon each renewal defendant in error exacted and was paid twelve per cent. interest on said sum of $500. That in October, 1877, plaintiffs in error, in consideration of the $600 note and the note for $500, and an additional indebtedness of $100, executed to defendant in error their three several notes for $400 each, payable in ninety days, upon each of which notes ten per cent. of said amounts was exacted and received as advanced interest; and that each of said notes was renewed at the end of each ninety days thereafter, and that upon each renewal, interest at the rate of ten per cent. per annum was exacted and received.

To this 2d plea, three replications were filed, upon the first of which issue was joined, and a demurrer was interposed to the 2d and 3d replications. These two latter replications were as follows: " And for a further replication in this behalf plaintiff says *precludi non*, because it says that the plaintiff did not within two years next before the commencement of this suit retain or receive any usurious interest, as alleged by the defendants, and this it is ready to verify." " And for a further replication, plaintiff says *precludi non*, because it says that it is a corporation organized and doing business under the law of the United States authorizing and regulating National Banks, and that its rights and liabilities are regulated by said act, and that it has not charged, retained or received any usury of defendants within two years next prior to the commencement of this suit. And this the plaintiff is ready to verify, wherefore it prays judgment, etc." The demurrer to these two replications was overruled by the court. The National Bank Act of 1864 regulates the rate of interest that may be taken, received, reserved or charged

by such banks. Section 30 of. said act has since, in the Revised Statutes of the United States, been divided into two sections, and the latter of said sections (R. S. U. S., 1878, Sec. 5198) reads as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same; provided, such action is commenced within two years from the time the usurious transaction occurred." The construction to be given to this section of the act of Congress is not an open question. Its scope and purport have been authoritatively announced by the Supreme Court of the United States. In National Bank v. Dearing, 91 U. S. 29, it was held this section provided for the forfeiture of the interest stipulated for, if it had only been reserved, and the recovery of twice the amount where the interest had been actually paid. In the subsequent case of Burnet v. National Bank, 98 U. S. 555, the court gives this analysis of the statute: "Two categories are thus defined, and the consequences denounced: 1. Where illegal interest has been knowingly stipulated for, but not paid, then only the sum lent, without interest, can be recovered. 2. Where such illegal interest has been paid, then twice the amount so paid can be recovered in a penal action of debt, or suit in the nature of such action against the offending banks, brought by the persons paying the same, or their legal representatives." The court referring to the case before them further says: "In the first defense the payment of the usurious interest is distinctly averred, and it is sought to apply it, by way of offset or payment, to the bill of exchange in suit. In our analysis of the statute, we have seen that this could not be done. Nothing more need be said upon the subject. In the third defense, as set forth, the like payment is al-

leged, and there is a claim to recover double the amount paid by way of counterclaim in the pending suit on the bill. This pleading is also fatally defective for the same reason as the first one. The remedy given by the statute for the wrong is a penal suit. To that the party aggrieved or his legal representative must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress, and both provisions are alike obligatory upon the parties." In the case before us, the two replications were clearly bad. They each assumed to answer the whole of the second plea, and each averred there was no usurious interest retained or received within two years next before suit brought. It is very evident the two years' limitation has no application where the illegal interest has simply been retained or reserved. In such case the interest stipulated for would be forfeited, and the plaintiff could only recover the principal of the notes sued on, less the amount of the interest unlawfully reserved. The second plea, to which these replications were filed, so far as it assumed to set up the taking and receiving of usurious and unlawful interest as payment *pro tanto* of the promissory notes in suit, was also bad, and presented an immaterial issue. The first replication, upon which issue was joined, traversed the *receiving* of usurious, interest; and trial was had and judgment rendered upon this immaterial issue, which did not determine the substantial rights of the parties litigant under the statute of the United States; and by that statute these contracts are governed. It follows from what we have already said, there was no error in sustaining a demurrer to the third plea filed by the plaintiffs in error; that plea sought to set off against the causes of action disclosed by the declaration, illegal interest, " knowingly collected of and from " plaintiffs in error by defendant in error. It may be well to state by way of explanation, that much is said in this opinion which would not be properly said, if the rights of the parties in this controversy were controlled by the State statute, instead of the Federal statute. See National Bank v. Dearing, *supra*. There is in the record before us, that which purports to be a

certificate of the evidence heard on the trial of the case in the court below; but as it is neither signed nor sealed by the judge who presided at the trial, it can not properly be regarded as a part of the record in the case. The judgment of the circuit court, which was in favor of defendant in error for $1,133.17 and costs, is reversed and the cause remanded. Under the pleadings in the case, as they stand, justice can not be enforced, and the real and substantial rights of the parties determined. A repleader will be awarded, and leave given plaintiffs in error to withdraw their second plea and file such additional plea or pleas as they may deem necessary.

Reversed and remanded.