# GASSENHEIMER

*v.*

# THE DISTRICT OF COLUMBIA.

LIQUOR TRAFFIC; ACT OF CONGRESS OF MARCH 3, 1893; CON-
STRUCTION; JURISDICTION; STATUTORY REPEAL BY
IMPLICATION.

1.  The Supreme Court of the District of Columbia has no jurisdiction over cases involving the violation of the provisions of the act of Congress of March 3, 1893 (27 Stat. 563), regulating the sale of intoxicating liquors in this District, but such jurisdiction is exclusively in the Police Court.
2.  Jurisdiction conferred upon a court may be ousted by subsequent legislative enactment, either expressly or by implication. So that legislation conferring exclusive jurisdiction in certain cases upon one court will by implication oust the jurisdiction of another court which theretofore had concurrent jurisdiction in such cases.

No. 432.   Submitted March 4, 1895.   Decided April 9, 1895.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District, on demurrer to an information charging him with a violation of the act of Congress of March 3, 1893, regulating the liquor traffic. *Re-*

*manded with direction to vacate the judgment and quash the information.*

The case is sufficiently stated in the opinion.

*Mr. Chas. Maurice Smith* for the appellant.

*Mr. S. T. Thomas*, Attorney for the District of Columbia, and *Mr. A. B. Duvall*, Assistant Attorney, for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a proceeding instituted in the Supreme Court of the District of Columbia, sitting as a criminal court, upon information filed in that court in the name of the District of Columbia by the attorney for the District against the appellant, Samuel Gassenheimer, the keeper of a licensed barroom in the city of Washington, for the alleged violation by him of one of the provisions of the act of Congress of March 3, 1893, entitled "An act to regulate the sale of intoxicating liquors in the District of Columbia" (27 Stat. p. 563), the offense consisting in the sale of liquors to a minor, one Chapelle B. Lincoln.

The accused party demurred to the information on the ground that, with reference to the matter of the sale of intoxicating liquors, the act of Congress in question reduced the age of minority to sixteen years; and that the information failed to state that the minor to whom the sale is alleged to have been made was ·a minor under the age of sixteen years. This demurrer was overruled by the court below, and the sufficiency of the information was sustained. And thereupon the court proceeded to adjudge the defendant guilty, and to impose upon him a fine of fifty dollars, and in default of payment that he should stand committed to jail.

From this judgment the defendant Gassenheimer has appealed to this court; and it seems to be understood that the case is a test case instituted for the purpose of having

a construction of the act of Congress in respect of the question that has been raised.

This act of Congress, as its terms expressly import, was intended to be, and is in fact, a full and elaborate regulation of the matter of traffic in intoxicating liquors in the District of Columbia, enacted for the avowed purpose of placing that traffic under more rigid and specific control than had previously obtained in the District. It inaugurates a system of comparatively high license; and besides throwing certain restrictions and safeguards around the general conduct of the business of selling liquor, it seeks to prohibit such sale entirely to certain classes of persons, and especially to shield young persons of both sexes from contamination by contact with it. The sections of the act that have special reference to this feature of the subject, and upon which the questions arise that are now before us here for determination, are those numbered six, thirteen, fifteen and nineteen, and are as follows :

" Sec. 6. That under the license issued in accordance with this act, no intoxicating liquors shall be sold, given, or in anywise disposed of to any minor or intoxicated person, or to an habitual drunkard, nor to any person who is in the habit of becoming intoxicated if such person's wife, mother, or daughter shall in writing request that the saloon keeper shall not sell to such person above the age of sixteen years, or between twelve o'clock midnight and four o'clock in the morning, during which last named hours and on Sundays every bar-room and other place wherein intoxicating liquors are sold shall be kept closed and no intoxicating liquor sold."

" Sec. 13. That any person, having obtained a license under this act, who shall violate any of its provisions, shall upon conviction of such violation be fined not less than fifty dollars nor more than two hundred dollars, and upon every subsequent conviction," &c., &c.: " *Provided,* That no minor under sixteen years of age shall be allowed to enter any place where liquors· are sold other than a hotel,

without the consent of the parent or guardian of such minor."

" Sec. 15. That prosecutions for violations of the provisions of this act shall be on information filed in the Police Court by the attorney of the District of Columbia, or any of his assistants duly authorized to act for him, and said attorney or his assistants shall file such information upon the presentation to him or his assistants of sworn information of two reputable citizens of the District that the law has been violated."

" Sec. 19. That no licensee under a bar-room license shall employ or permit to be employed, or allow any female or minor under sixteen years of age, or person convicted of crime, to sell, give, furnish, or distribute any intoxicating drinks or any admixture thereof, ale, wine, or beer to any person or persons, nor permit the playing of pool, or billiards, or other games in the room where such liquors are sold : *Provided*, that the excise board may, in its discretion, permit the playing of such games, except cards, in duly licensed places : *Provided further*, that no licensee in any place shall knowingly sell or permit to be sold in his establishment any intoxicating liquor of any kind to any person under the age of twenty-one years, under the penalty, upon due conviction thereof, of forfeiting such license, and no person so forfeiting his license shall again be granted a license, for the term of two years."

And we may also quote the twenty-first and last section of the act as having some bearing upon the determination of the questions here involved. This section is as follows :

" Sec. 21. That this act shall be in lieu of and as a substitute for all existing laws and regulations in the District of Columbia in relation to the sale of distilled and fermented liquors in the said District ; and that all laws or parts of laws inconsistent with this act, except such laws as are applicable to the sale of liquor within one mile of the Soldiers' Home, be, and they are hereby, repealed."

The contention of the appellant is that, under these pro-

visions that have been recited, the sale of intoxicating liquor to a minor is not an offence unless it appears that the minor was under the age of sixteen years, or unless, in the case of a minor between the age of sixteen and twenty-one years, it was knowingly done. And it is claimed that the information is defective, if it does not, in the former case, specifically allege that the person, to whom the sale was made, was under the age of sixteen years, and, in the latter case, that the sale was made with knowledge on the part of the seller of the fact of minority. This contention was held by the court below to be untenable; and thereupon the present appeal was sued out to procure a review of its judgment.

The case was argued before us, as we have no doubt it likewise was in the court below, solely upon the questions thus suggested; and neither in the briefs nor in the oral arguments of counsel on either side was there any reference whatever to the question of the jurisdiction of the court below to take cognizance of the cause. But that question lies at the very threshold of the proceeding, and is plainly suggested by the act of Congress itself; and we do not feel ourselves at liberty to ignore it, even though counsel on both sides, when specially called upon, have united in a supplemental brief in which they seek to sustain the jurisdiction.

The fifteenth section of the act of Congress under consideration, prescribes in express terms " that prosecutions for violations of the provisions of this act shall be on information filed in the police court." The information in this case was filed in the Supreme Court of the District of Columbia sitting as a criminal court. Apparently, therefore, the proceeding was instituted in the wrong court; it should have been in the Police Court, and not in the Supreme Court of the District of Columbia.

But it is argued that the latter tribunal has concurrent jurisdiction with the Police Court over offenses of the character of that which is here charged.

By section 763 of the Revised Statutes of the United States for the District of Columbia, it is provided that the Supreme Court of the District, sitting as a criminal court, shall have cognizance "of all crimes and offences arising within the District," which is simply the re-enactment of section 3 of the act of March 3, 1863 (12 Stat. 763), for the reorganization of the courts of the District of Columbia. Apparently inconsistent with this is the provision of section 1049 of the same revision, taken from the act of Congress of June 17, 1870 (16 Stat. 153), establishing the Police Court of the District, whereby it is provided that "the Police Court shall have original and exclusive jurisdiction of all offences against the United States committed in the District of Columbia not deemed capital or otherwise infamous crimes, that is to say, of all simple assaults and batteries, and all other misdemeanors not punishable by imprisonment in the penitentiary ; and of all offences against the laws and ordinances of the District in force therein." But in view of subsequent legislation, the apparent inconsistency is of no consequence in our present consideration ; for, by an act of Congress of March 3, 1891 (26 Stat. 848), section 1049 of the Revised Statutes for the District of Columbia was so amended as to provide for the concurrent jurisdiction of the Police Court and of the Supreme Court of the District sitting as a criminal court in all such matters as by section 1049 had been committed to the exclusive cognizance of the Police Court.   It is under this act of March 3, 1891, that it is now sought to justify the exercise of jurisdiction in the present case by the Supreme Court of the District of Columbia ; and it must be conceded, that, if we consider merely that act alone and the previous legislation upon the subject, the contention is well founded.

But the act of March 3, 1893, now under special consideration, purports in express terms to be, as we have already stated, a full and complete regulation of the whole subject-matter with which it deals, and to be "in lieu of all existing laws and regulations" in relation to that subject.   It not

only prescribes the conditions under which intoxicating liquors may be sold, but also defines the specific acts which shall constitute violation of its provisions, the specific penalties for such offences, and the specific mode of proceeding by which those penalties are to be enforced. The distinctly mandatory provision of section 15 of the act is that "prosecutions for violations of the provisions of the act shall be on information filed in the Police Court by the attorney of the District of Columbia or any of his assistants duly authorized to act for him." This section is as much an integral portion of the act as any other; and no reason appears why it should not be included with other provisions of the act, in the broad and sweeping operation required by section 21 to be given to the act as a substitute for all other enactments on the subject. When the legislature distinctly proposes in one statute to regulate a specified matter, and in that statute defines the acts that are to be regarded as offences under it, the penalties to be attached to the commission of those acts, and the tribunal and the mode of proceeding in which the offences are to be cognizable, we do not see that we are at liberty to disregard any one section of the act more than another, and to institute proceedings in another and different tribunal or in another or different mode than that pointed out in mandatory terms by the act itself. For that the terms of the act are mandatory, we have no doubt. They leave no discretion to the officer charged with the execution of the act in the matter of the enforcement of penalties under it. The language could not be made stronger for that purpose than it is.

Had it been the purpose of Congress to permit the continuance of the concurrent jurisdiction of the Police Court and of the Supreme Court of the District of Columbia, sitting as a Criminal Court, with reference to this act, section 15 of the act would have been wholly useless and unnecessary. To hold that the concurrent jurisdiction continues would be to nullify the effect of that section 15 ; and this

we do not think that we ought to do.    We see no reason so to do.

The whole purpose of the establishment of the Police Court was that there should be a tribunal competent to deal summarily with petty offences, with which, for the protection of society and the due administration of justice, it was proper that the ordinary courts of general criminal jurisdiction should not be burdened.    The regulation of the liquor traffic by the act of March 3, 1893, was evidently of a summary character; and the offences under it were evidently offences of a character proper to be committed to the exclusive cognizance of the summary jurisdiction of a police court; and we have no doubt that it was the clear purpose of Congress so to commit them to that jurisdiction.

It is argued, however, that when a court, especially a court of general jurisdiction, has cognizance of a subject-matter under existing law, its authority to proceed in such matter will not be divested or impaired by any subsequent legislative enactment, unless in such subsequent enactment express prohibitory words are used against that jurisdiction. And in support of this argument numerous cases are cited. The leading case on the subject perhaps is that of *Commonwealth* v. *Hudson*, 11 Gray, 65, in which the Supreme Court of Massachusetts, by Chief Justice SHAW, laid down the rule substantially as stated.    And the authority of that case has been recognized and followed in other States.    But an examination of the case of *Commonwealth* v. *Hudson*, as well as of the cases which have followed it, will show that the legislation upon which it was based was of a different character from that which we are here considering.

In the case of *Commonwealth* v. *Hudson*, it appeared that the offence with which the respondent in the case was charged arose, like the case now before us, under a statute that sought to regulate and restrain the liquor traffic.    The statute itself, which was passed in 1855, did not specify the tribunal before which offences against it should be cogniz-

able; but the court of common pleas was then and had long been the court of general jurisdiction by which all such offences were cognizable.   In 1858 a statute was enacted that gave to the police courts of the State concurrent jurisdiction with the court of common pleas over all offences punishable with fines not exceeding one hundred dollars, and to justices of the peace jurisdiction over all offences punishable with fines not exceeding fifty dollars. Hudson was arraigned in the court of common pleas in 1858, after the passage of this act, for a violation of the liquor law punishable with a fine not exceeding fifty dollars. It was objected on his behalf, that the statute of 1858 had ousted the jurisdiction of the court of common pleas, and conferred exclusive jurisdiction of such offences upon justices of the peace.    But the Supreme Court of Massachusetts, by SHAW, Chief Justice, held that the jurisdiction of the court of common pleas had not been ousted, and laid down the rule that has been stated.

In that case, however, there had been no special provision in the liquor act itself for the mode in which it should be enforced.    The enforcement of it was to be under general law; and that general law had first conferred jurisdiction on the court of common pleas, and then like jurisdiction upon justices of the peace; and the rule laid down was that equal jurisdiction conferred on two tribunals, when the jurisdiction might well be exercised by both indiscriminately, did not confer exclusive jurisdiction on either.    But that is a very different case from the present.

It is very true that, in the case of *Commonwealth* v. *Hudson*, the rule was broadly laid down that, when a court originally possesses jurisdiction over a subject-matter, its authority to proceed therein will not be divested or impaired by any subsequent legislative enactment, unless express prohibitory words are used; and there are no prohibitory words in our statute.    But the rule, though correctly enough stated for the purposes of that case, was stated too broadly for general application.    The language of TINDAL,

Chief Justice, in the case of *Crisp* v. *Banbury*, 8 Bingham, 394, in the English Court of Common Pleas, in which he says, " It is undoubtedly true that the jurisdiction of the superior courts at Westminster is not to be ousted except by express words or by necessary implication," states the rule more accurately. For, while repeal by implication is said not to be favored, it is beyond question true that there may be repeal by necessary implication as well âs by express words ; and there is no reason why the jurisdiction conferred upon courts might not be ousted or repealed by the one mode as well as by the other, provided the implication is sufficiently strong for the purpose.

Now, it has beeen repeatedly decided by the Supreme Court of the United States, that, when a later act is plainly intended to be a substitute for all previous acts, or when it clearly intends to provide the only rule which shall govern in a specified matter, or when it creates new rights or new offences and prescribes specific remedies or punishments, it necessarily repeals *pro tanto* all previous enactments upon the same subject-matter. *Barnet* v. *Muncie National Bank*, 98 U. S. 555 ; *United States* v. *Claflin*, 97 U. S. 546 ; *Cook County National Bank* v. *United States*, 107 U. S. 445 ; *Pana* v. *Bowler*, 107 U. S. 529 ; *United States* v. *Tynen*, 11 Wall. 88 ; *Norris* v *Crocker*, 13 How. 429.

Exceedingly in point is the case of *Crisp* v. *Banbury*, 8 Bingham, 394, *supra*, in which it appears that there had been a statute enacted requiring that certain disputes should be referred to arbitration. Notwithstanding the statute, suit was brought in the court of common pleas upon a controversy that fell within the category provided for in the statute. The statute contained no express repeal of the jurisdiction of the ordinary tribunals. But the court of common pleas, by Chief Justice TINDAL, after enunciating the general rule as heretofore cited, held that the requirement of the statute was peremptory, and that it operated by necessary implication to oust the jurisdiction of the court of common pleas. Our statute in the present case is no less

peremptory, and operates no less to confer exclusive juris-
diction upon the Police Court.

It is not to be forgotten that the purpose of the statute
in referring causes like the present to the cognizance of the
Police Court is to procure the administration of speedy and
summary justice without unnecessary delay or the multipli-
cation of appeals. By the act of June 17, 1870 (16 Stat.
153), incorporated into the Revised Statutes of the United
States for the District of Columbia as sections from 1041
to 1080, both inclusive, an appeal was provided from the
Police Court to the Supreme Court of the District of Colum-
bia, and it was specified that the cause should be tried
therein *de novo*, and the decision there should be final.
When, upon the determination by the Supreme Court of the
United States that there was an element of unconstitution-
ality in the act of 1870, the Congress, on March 3, 1891
(26 Stat. 848) passed another act to define the jurisdiction
of the police court, it provided for a conditional allowance
of writs of error to that court from the Supreme Court of
the District of Columbia in general term. But when the
appellate power of that court was abolished by the act cre-
ating this court, the right of appeal from the police court
was not transferred to us ; and we have so held. We can-
not admit that the policy of this legislation thus providing
for summary proceeding may be successfully contravened
and thwarted by the practical transfer to the Supreme Court
of the District of Columbia of the jurisdiction intended to
be vested in the Police Court of the District.

We are of opinion, therefore, that the Supreme Court of
the District of Columbia had no jurisdiction to take cogni-
zance of this case, and that such jurisdiction was exclu-
sively in the Police Court. And being of that opinion, it is
of no consequence that we find no reason whatever to ques-
tion the correctness of the decision of the court below in
overruling the defendant's demurrer upon the grounds as-
signed in support of the demurrer in that court and before
us. It is due to the learned justice who tried the cause in

the court below, that we should say that the question of jurisdiction was not raised before him and seems to have been entirely ignored by counsel in the argument before him ; and that, apart from the question of jurisdiction, we would find no error whatever in his ruling upon the demurrer.   But being of opinion that there was no jurisdiction in the court below to try the cause or to take cognizance of the subject-matter, *we must remand the cause to that court, with directions to vacate its judgment and to quash the information against the appellant.   And it is so ordered.*