# HASELTINE *v.* CENTRAL BANK OF SPRINGFIELD, MISSOURI (NO. 2).

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 63. Submitted October 29, 1901.—Decided December 2, 1901.

In an action upon a note given to a national bank, the maker cannot set off, or obtain credit for, usurious interest paid in cash upon the renewals of such note, and others of which it was a consolidation.

In cases arising under the second clause of Rev. Stat. sec. 5198, the person by whom the usurious interest has been paid can only recover the same back in an action in the nature of an action of debt. The remedy given by the statute is exclusive.

THIS was an action instituted in the Circuit Court of Greene County, Missouri, by the Central National Bank to recover of the defendants the amount of a promissory note for $2240, executed June 15, 1896, by two of the defendants as principals and two others as sureties.

The answer was a general denial and a special defence of usury in the original notes, and partial payments, as set up in the several paragraphs of the answer.

The case was referred to a referee, who reported the note sued upon to be a renewal note, and a consolidation of five original notes, the first of which was for $800, given July 27, 1891; the second for $100, of the same date; the third for $500, dated January 24, 1892, and credited by $100 payment thereon; the fourth for $340, dated January 16, 1893, and the fifth and last for $600, dated May 29, 1893.

The referee further found that the defendants had received on this note of $2240 (or rather out of the notes constituting that note) the sum of $2199.35 in cash, making the amount reserved out of the note when it was made of $40.65. That there had been paid *cash* discounts upon the several *renewals* of the notes which constituted the $2240 note sued upon, down to October 24, 1894, exclusive of the amounts reserved out of the notes at the time they were originally given, the sum of $566.70, which cash discounts were paid in advance at the dates of the several renewals. That the whole amount of discounts and interest paid, as well as those deducted by the bank, upon all said loans from the beginning to the end down to and including the note sued on, was $947.50. That these payments were made in excess of the legal rate for said loans.

Upon this report the court entered judgment in favor of the plaintiffs for $2199.35, (or, apparently, by mistake $2199,) that being the face of the note sued on after deducting the discount of $40.65, reserved when the note was executed. Upon appeal to the Supreme Court this judgment was affirmed, 155 Missouri, 58, and defendant sued out this writ of error.

*Mr. S. A. Haseltine* and *Mr. James Baker* for plaintiffs in error.

*Mr. John Ridout* for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

The only question involved in this case is whether, in an action upon a note given to a national bank, the maker may set off usurious interest *paid in cash* upon renewals of such note, and of all others of which it was a consolidation.

In this case, defendants sought to show that they had paid to the plaintiff bank within two years prior to the execution of this note, upon other notes of which this was a consolidation, and also upon this note, usurious interest aggregating $580; which they asked to have deducted from the principal sum of $2240, represented by this note, thereby reducing the plaintiff's claim to $1660.

We understand it to be conceded that, as the note in question was given to a national bank, the definition of usury and the penalties affixed thereto must be determined by the National Banking Act and not by the law of the State. *Farmers' & Mechanics' Bank* v. *Dearing,* 91 U. S. 29. In that case it was held that a law of New York forfeiting the entire debt for usury was superseded by the National Banking law, and that such law was only to be regarded in determining the penalty for usury.

That part of the original National Banking Act which deals with the subject of usury and interest is now embraced in sections 5197 and 5198 of the Revised Statutes, the first one of which authorizes national banks to charge interest "at the rate allowed by the laws of the State," and when no rate is fixed by such laws, a maximum rate of seven per cent. The next section is as follows:

" 5198. The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover

back in an action, in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

Two separate and distinct classes of cases are contemplated by this section: *first,* those wherein usurious interest has been taken, received, reserved or charged, in which case there shall be "a forfeiture of the entire interest which the note, bill or other evidence of debt *carries with it,* or which has been *agreed to be paid* thereon;" *second,* in case usurious interest has been *paid,* the person paying it may recover back twice the amount of the interest "thus paid from the association taking or receiving the same."

While the first class refers to interest taken and received, as well as that reserved or charged, the latter part of the clause apparently limits the forfeiture to such interest as the evidence of debt carries with it, or which has been agreed to be paid, in contradistinction to interest actually *paid,* which is covered by the second clause of the section. Carrying this perfectly obvious distinction in mind, the cases in this court are entirely harmonious.

That of *Brown* v. *Marion National Bank,* 169 U. S. 416, arose under the *first* clause. The facts are not stated in the report of the case, but referring to the original record, it appears that plaintiff sued the bank to recover twice the amount of certain usurious interest paid to it. Another action was consolidated with this in which plaintiff sought to enjoin defendant from proving certain notes against the estate of which he was assignee, in which a large amount of usurious interest had been included.

In the opinion, a distinction is drawn between usurious interest carried with the evidence of debt or which has been agreed to be paid, and interest which has actually been paid, and it was said that interest included in a renewal note, or evidenced by a separate note, does not thereby cease to be interest within the meaning of section 5198, and become principal; and that, in a suit by a national bank upon the note, the debtor may insist that the entire interest, legal and usurious, included in his

written obligation and agreed to be paid, but which has not been actually paid, shall be either credited on the note, or eliminated from it, and judgment given only for the original principal debt with interest at the legal rate from the commencement of the suit; and that the forfeiture declared by the statute is not waived or avoided by giving a separate note for the interest, or by giving a renewal note in which is included the usurious interest. It was further held that interest included in a renewal note is not interest *paid*, since if it were so, the borrower could, under the second clause of the section, sue the lender and recover back twice the amount of the interest thus paid, when he had not, in fact, *paid* the debt nor any part of the interest as such. The words, "in case the greater rate of interest has been paid," in section 5198, refer to interest actually paid as distinguished from interest included in the note and "agreed to be paid."

The cases under the *second* clause of the section are more numerous. *Barnet* v. *National Bank*, 98 U. S. 555, was an action by a national bank upon a bill of exchange. Defendants set up that the acceptors had been constant borrowers from the bank for several years, and that it had taken from them a large amount of usurious interest; that the bill in suit was the last of eight renewals, and that illegal interest had been taken upon the series to the amount of $1116, which it was insisted should be applied as a payment upon the bill in question. It was also insisted that illegal interest had been taken upon other bills of exchange to the amount of $6363.24, and that the defendants were entitled to recover double this amount from the bank. It was *held* that the state statutes upon the subject of usury should be laid out of view, and that where a statute created a new right or offence and provided a specific remedy or punishment, that remedy alone could apply; that the *payment* of usurious interest being distinctly averred, it could not be recovered by way of offset or payment of the bill in suit, and that the same rule applied to the payment of interest upon other bills of exchange which the defendants sought to recover back.

The case of *Driesbach* v. *National Bank*, 104 U. S. 52, was a like suit by a bank upon a note, upon several renewals of

which usurious interest had been paid. It was said that, as the claim was not for interest stipulated for and included in the note sued on, but for the application of what had been actually *paid* as interest to the discharge of principal, there could be no set-off against the face of the notes.

In *Stephens* v. *Monongahela Bank*, 111 U. S. 197,—a similar case of interest actually paid—the averments of the defence were made under the first clause of the section; that "the bank knowingly took, received and charged" usurious interest, but as it elsewhere appeared that the interest stipulated had not been included in the note, but that interest had been actually paid at the time of the discount and renewals, which it was sought to apply to the discharge of the principal, the defence was held insufficient.

The construction of both clauses of this section having been thus settled by this court, it only remains to determine to which class of cases the one under consideration properly belongs. As to this there can be no room for doubt. The referee finds that there was paid cash discounts on the several renewals of the notes which constitute the $2240 note, as well as the renewal of said note as executed, down to October 24, 1894, exclusive of the amounts reserved out of the notes at the time they were originally given, the sum of $566.70, which cash discounts were paid in advance at the date of the several renewals. He further found that the "defendants in their answer are only asking credit for the payments down to and including October 29, 1894, which aggregate the sum of $540.40." Under the rulings last above cited the person making these cash payments can only recover them back by a direct action against the association taking or receiving the same.

The Supreme Court of Missouri was correct in holding that the defendants could not be allowed set-off or credit for the usurious interest thus paid, the remedy provided by the statute being exclusive, and its judgment is therefore

*Affirmed.*