Argued December 10, 1912; decided January 7, 1913.

### MERCHANTS' NAT. BANK *v.* SHARKEY.

(128 Pac. 1005.)

**Banks and Banking—National Banks—Usury—Penalty—Counterclaim.**

1. Rev. St. Section 5198 (U. S. Comp. St. 1901, p. 3493), providing a penalty against a national bank for usurious transactions, is an exclusive remedy, and the usurious interest cannot be set off against the principal debt, though the State statutes provide that such a counterclaim may be pleaded.

**Banks and Banking—National Bank—Usury—Interest After Commencement of Suit.**

2. In an action by a national bank to recover on a note calling for usurious interest, testimony showing the usurious

nature of the transaction should have been admitted for the purpose of reducing the rate of interest after commencement of the action from the conventional rate to the legal rate.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is an action by the Merchants' National Bank of Portland, Oregon, a corporation, against Jno. P. Sharkey Co., a corporation, Jno. P. Sharkey, and Ellen J. Sharkey, brought on June 2, 1910, to recover the balance due upon a promissory note for $25,000, executed by defendants to plaintiff, upon which it was alleged there was due the sum of $24,800, with interest from February 22, 1910, at the rate of 8 per cent per annum.

Defendants answered, admitting the execution of the note, and alleging that there had been paid thereon the sum of $4,041.12, and that the interest had been paid up to July 8, 1910. The answer further alleged, in effect, that the plaintiff exacted, in consideration of making the loans, the payment of $5,000, and the transfer of property of the net value of over $14,000, in addition to the 8 per cent interest provided in the note, and asked that such sums be credited as payments on the note sued upon.

The reply denied the allegations of the answer, tending to show usury; and later, in May, 1911, plaintiff filed a supplemental reply, admitting that interest had been paid on the note up to March 30, 1911, and the $1,822.09 had been paid on the principal in addition to the sums credited in the complaint, and alleged that there was then due on the note the sum of $22,977.91, with interest from April 5, 1911. On the trial the court held that the answer did not state facts sufficient to constitute a defense under the United States banking statutes, and excluded defendants' testimony tending to show the usurious nature of the original loan. There was a verdict and judgment for the plaintiff for $23,296.38 and $250 attorney's fees, from which judgment defendants appeal.

REVERSED.

Sig. 2

For appellants there was a brief and an oral argument by *Mr. A. E. Clark.*

For respondent there was a brief over the names of *Mr. William T. Muir* and *Mr. Richard W. Montague,* with an oral argument by *Mr. Montague.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

Section 5198, U. S. Revised Stat. (Vol. 5, p. 130, Fed. Stat. Anno.; U. S. Comp. St. 1901, p. 3493), provides that:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon."

Section 5198 (Vol. 5, p. 133, Fed. Stat. Anno.) provides that:

"In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action for debt, twice the amount of the interest thus paid from the association receiving the same; provided, such action is commenced within two years from the time the usurious transaction occurred."

1. By the great preponderance of authority it is held that the remedy herein provided for usurious transactions by national banks is exclusive. *Farmers' & Mechanics' National Bank* v. *Dearing,* 91 U. S. 29 (23 L. Ed. 196; *Haseltine* v. *Central Bank of Springfield,* 183 U. S. 132 (22 Sup. Ct. 49: 46 L. Ed. 118). The usurious interest paid cannot be offset or counterclaimed against the principal debt in an action brought by the bank upon the note. *Barnet* v. *National Bank,* 98 U. S. 555 (25 L. Ed. 212). This is the rule even where the State statutes provide that such counterclaim may be pleaded. *Barnet*

*v. National Bank,* 98 U. S. 555 (25 L. Ed. 212). In the case last cited the court say:

"The remedy given by statute for the wrong is a penal ·suit. To that the party aggrieved or his legal representatives must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress, and both provisions are alike obligatory upon the parties."

2. As to the interest accruing after the commencement of the suit, we are of the opinion that the court should have admitted testimony tending to show the usurious nature of the transaction. The conventional interest, if unpaid, is forfeited; but, as to interest accruing after the commencement of the suit, the rule seems to be that the plaintiff is entitled to recover at the legal rate only. *Brown* v. *Marion National Bank,* 169 U. S. 418 (18 Sup. Ct. 390: 42 L. Ed. 801). The legal rate in this State is 6 per cent. The rate specified in the note is 8 per cent. Defendants were entitled for the purpose of reducing the rate of interest from the conventional rate to the legal rate to introduce the evidence rejected.

The judgment will therefore be reversed, and a new trial ordered, unless the plaintiff shall within 20 days remit the sum of $71.46; and in either case the defendants, having recovered a better judgment here than in the court below, should recover their costs in this court.

REVERSED.