### WYSONG & MILES CO. et al. v. BANK OF NORTH AMERICA.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1919.)

#### No. 1738.

BANKS AND BANKING ⬅➡270(7)—USURY NOT DEFENSE OR COUNTERCLAIM IN ACTION BY NATIONAL BANK.

Where usurious interest has been taken by a national bank, the remedy given by Rev. St. § 5198 (Comp. St. § 9759), by an independent action to recover the usurious payments is exclusive, and the claim cannot be set up by way of defense or counterclaim in an action by the bank.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd, Judge.

Action by the Bank of North America against the Wysong & Miles Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Thomas J. Jerome, of Greensboro, N. C. (Jerome & Scales, of Greensboro, N. C., on the brief), for plaintiffs in error.

A. B. Kimball, of Greensboro, N. C. (King & Kimball, of Greensboro, N. C., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. In this suit by a national bank on a promissory note for $9,000, dated January 4, 1918, the answer alleges, "by way of cross-action or counterclaim," that on previous notes given for loans by plaintiff, running through a series of years and aggregating a large sum, defendant has paid plaintiff usurious and illegal interest to the amount of $6,941.48, and demands judgment against plaintiff for double that amount. The court below on the pleadings dismissed the "cross-action or counterclaim," and ordered judgment for plaintiff for the full amount of the note, with interest from its date, and de-

fendant brings the case here on writ of error. The only question to consider is whether the facts alleged are available to defendant in this action.

The liability of a national bank for taking usurious interest is fixed and defined in the National Banking Act (section 5198, U. S. Revised Statutes [Comp. St. § 9759]), as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided such action is commenced within two years from the time the usurious transaction occurred."

Other than this there is no liability, for state statutes of usury are without application. Farmers' & Mechanics' Nat. Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196. And this liability is enforceable only in a suit against the bank to which the unlawful interest has been paid. Barnet v. National Bank, 98 U. S. 555, 25 L. Ed. 212; Hazeltine v. Bank, 183 U. S. 132, 22 Sup. Ct. 49, 46 L. Ed. 117; Schuyler Nat. Bank v. Gadsden, 191 U. S. 451, 24 Sup. Ct. 129, 48 L. Ed. 258. In the last-named case the Supreme Court says:

"This results from the prior adjudications of this court, holding that, where usurious interest has been paid to a national bank, the remedy afforded by section 5198 of the Revised Statutes is exclusive, and is confined to an independent action to recover such usurious payments."

These decisions cover the instant case and conclusively refute defendant's contention. Its answer sets up no facts which are available as a defense or counterclaim, and the court below was therefore right in rendering judgment for plaintiff on the pleadings.

Affirmed.