## UNITED STATES v. PALMER et al.

District Court, S. D. New York.
June 2, 1939.

John T. Cahill, U. S. Atty., of New York City (Jerome H. Doran, Asst. U. S. Atty., of Rockville Centre, N. Y., of counsel), for the United States.

Newton B. Schott, of New York City, for defendants.

CLANCY, District Judge.

The complaint alleges that the defendants made a promissory note in the sum of $608 to the order of The National City Bank of New York on December 2, 1935; that the note was executed in accordance with the provisions of the National Housing Act, 48 Stat. 1246; that the sum se-

cured by it was payable in thirty-six equal monthly installments; that a default occurred which accelerated payment of the note; that thereupon, the United States reimbursed The National City Bank of New York to the extent of $527.85 and that the note was then assigned to the Federal Housing Administrator, who now owns and holds it and asks judgment for the sum of $527.85 with interest from November 19, 1936, which was the date when The National City Bank of New York was reimbursed.

The note on its face is a thirty-six month note with the borrower assigning all moneys in her "Monthly Deposit Account" to the bank as security. The borrower was required to make monthly deposits of $16.-89 in this account. Default of any such payment accelerated the note.

The answer denies the amount due and denies any knowledge of the reimbursement and assignment but does not deny the execution of the note. It then, as a first defense, alleges that a prior action in the City Court of the City of New York, brought by The National City Bank of New York against the defendants on the same note is now pending. As a second defense, it alleges the making of an earlier note by the defendants to The National City Bank of New York on October 4, 1934, on which usurious interest was reserved. As a third defense, it is alleged that $107.23 was reserved as interest and discount from the amount delivered to the makers of the note being sued upon at the time it was made; that the requirement of thirty-six equal monthly payments, totaling the face amount of the note, constituted a usurious arrangement, that The National City Bank of New York had compelled execution of the second note—the one in suit—representing part of the balance due on the earlier usurious note, and that thereby the note in suit was tainted by usury when it was delivered. The same defense is realleged in other language and more specific terms as a fourth defense. These latter three defenses are all alleged to be partial and are set up also as counterclaims. In their prayer for judgment, the defendants ask that the original note for $1,008 made in October, 1934, be condemned as usurious; that the note in suit here be likewise condemned as usurious and that the interest on both notes be adjudged forfeited and that the complaint be dismissed.

The plaintiff moves to strike out the answers and for summary judgment. The first defense alleging a pending action between the assignor and the defendants, involving the same issues as those involved in this action, is invalid. Woren v. Witherbee, Sherman & Co., D.C., 240 F. 1013. The plaintiff here, the United States of America, properly sues in the United States District Court. 28 U.S.C.A. § 41 (1). The ban on actions in this Court, brought by assignees of notes whose assignors could not sue here does not affect our jurisdiction when the United States of America is plaintiff. Bank of the United States v. Planters' Bank of Georgia, 9 Wheat. 904, 6 L.Ed. 244; Sowell v. Federal Reserve Bank, 268 U.S. 449, 45 S.Ct. 528, 69 L.Ed. 1041.

The matters set up as counterclaims may not, even if true, be presented as counterclaims. Twice whatever usurious interest was actually paid may be recovered in a proper case but only by a separate action, timely brought and not by setoff. Brown v. Marion National Bank, 169 U.S. 416, 18 S.Ct. 390, 42 L.Ed. 801; Haseltine v. Central National Bank, 183 U.S. 132, 22 S.Ct. 50, 46 L.Ed. 118; McCullum v. Hamilton National Bank, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819. Such matters may, however, be defenses to so much of the plaintiff's claim as is constituted of interest. 12 U.S.C.A. § 85; National Bank of Auburn v. Lewis, 81 N.Y. 15. The second defense, standing alone, is obviously irrelevant but the third adopts its allegations. They should be, and we will deem them consolidated, and consider them as such consolidated defense, which we will refer to as the second defense.

Whether such second defense and the fourth, which is like it, are sufficient as partial defenses, we cannot decide on this motion. The practice of the assignor bank, in its dealings with the defendants, closely resemble the operations permitted by these provisions of the State Banking Law, Consol.Laws N.Y. c. 2, § 290 et seq., which prescribe the operations of so-called "industrial banks". Institutions operating under those provisions of the Banking Act are not banks in the common acceptance of the term. The powers of a National Bank, defined by the Laws of the United States, 12 U.S.C.A. § 24, Par. 7th, are those accorded to banks and trust companies under the State Law by the Banking Law, § 96, and we think the

938

language of the Federal Law prescribing the charge for interest which a National Bank may not exceed, 12 U.S.C.A. § 85; i. e., "except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this title", refers to New York banks and trust companies whose powers are found in Banking Law, § 96. And, although the Federal Act has been interpreted as an enabling act, and not a restraining act (Tiffany v. National Bank, 18 Wall. 409, 21 L.Ed. 862), we think that the decision in that very case which refers to "similar State Institutions" means no more than what we have said.

The rate of interest fixed in New York is six percent. Banking Law, § 108. The exception provided by Par. 2. (a) of that section became effective on May 15, 1936 so that it could not be appealed to by the plaintiff to legitimatize the transaction between the plaintiff's assignor and these defendants. Whether or not, as a matter of fact, the legal rate of interest was exceeded by the bank depends upon a solution of several questions of fact suggested by the plaintiff's affidavit and the arguments made in the defendants' brief and which can be resolved only by a trial on the merits. The system used appears to be such as was subsequently prohibited by statute in § 108, Par. 2. (c) (2), of the Banking Law. Whether or not the opening and maintenance of an interest bearing account in the loaning bank by the defendants and the making of the monthly payments into it required by the bank was a scheme to secure to the bank an illegal rate of interest or whether it was truly opened to provide security for the repayment of a loan, cannot be determined without knowing all of the facts attending the transaction between the parties. Whether, if there were usury in the original note, it afflicts the note in suit, depends, among other things upon whether the note in suit was delivered for a check, the proceeds of which were in turn paid to the bank and for what items of principal and interest they were paid, or whether it was only a renewal note of a balance due that included interest.

Motion granted to extent of striking out the first defense and the counterclaims. The second and third defenses are consolidated. Otherwise, motion is denied.