JOHN R. ALLEY & CO., Inc., et al. v. FEDERAL NAT. BANK OF SHAWNEE, SHAWNEE COUNTY, OKL.

No. 2318.

Circuit Court of Appeals, Tenth Circuit.

Jan. 13, 1942.

William J. Crowe, of Oklahoma City, Okl. (James S. Twyford and Solon W. Smith, both of Oklahoma City, Okl., on the brief), for appellants.

Mark Goode, of Shawnee, Okl. (John L. Goode, of Shawnee, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

John R. Alley & Company, Inc.,[1] entered into certain contracts with the Oklahoma State Highway Commission for the construction of highways. It completed the work but failed to pay a number of labor and material bills, and it became necessary for the bonding company[2] to assume and pay these bills. The company instituted suit to determine its right and the right of other claimants to certain funds still in the hands of the highway commission. During the progress of the work the contractor had borrowed various sums from the Federal National Bank of Shawnee, Oklahoma,[3] for which it gave its notes. The bank filed its answer in the proceeding, alleging that the contractor was indebted to it in the sum of $5,177.16, the balance due on the notes secured by assignment of contractor's estimates. It prayed for judgment against the

[1] Herein called the contractor.
[2] Herein called the company.
[3] Herein called the bank.

contractor in this amount and for a further judgment decreeing its indebtedness to be secured by an assignment of the amount due the contractor from the highway commission. Other defendants filed answers setting up their claims.

Thereafter, the contractor filed an amended answer and counterclaim alleging that the bank had charged usurious interest on the various loans, in violation of law, in the total sum of $5,777.65. It prayed that the bank take nothing under its claim and that it have judgment against the bank for $11,555.30, twice the amount of the usurious interest charged. The bank filed a motion to dismiss the amended answer and counterclaim on the ground that the pretended claim of usury could not be set up in this action and could be maintained only in an independent action at law against the usurer. This contention was sustained and judgment was entered dismissing the answer and counterclaim of the contractor.

12 U.S.C.A. § 86 provides: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred."

It has been held without exception that the right granted by the statute can be asserted only in a separate and independent action in the nature of an action in debt. Barnet v. Muncie Nat. Bank, 98 U.S. 555, 25 L.Ed. 212; Haseltine v. Central Nat. Bank, 183 U.S. 132, 22 S.Ct. 50, 46 L.Ed. 118; Driesbach v. Second Nat. Bank, 104 U.S. 52, 26 L.Ed. 658; Stephens v. Monongahela Nat. Bank, 111 U.S. 197, 4 S.Ct. 336, 337, 28 L.Ed. 399; McCollum v. Hamilton Nat. Bank, 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819. The rationale of these cases is that where, as here, the statute creates a right or offense and provides a specific remedy or punishment, those provisions are exclusive and the liability can be enforced only in an action brought specifically and exclusively for that purpose.

All of these decisions antedate the adoption of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and our question is to determine whether the adoption of the new rules has modified the rule announced in these decisions. There is no longer an action in the nature of debt. All forms of actions are abolished, and the rules provide for but a single form of action, known as "civil action." Rule 13 provides for compulsory counterclaims arising out of the "transaction" or "occurrence." The spirit of the new rules is to have a speedy adjudication of all controversies between the parties in a single action and without a multiplicity of suits. The counterclaim arose out of the transaction and is maintainable in this action, unless prohibited by some rule of law.

The Congressional authority given the Supreme Court to adopt rules was limited to matters of procedure in the Federal District Court. It was expressly provided that substantive rights should neither be abridged, enlarged nor modified. They were left untouched by the rules. 48 Stat. 1064, 28 U.S.C.A. § 723b. Appellee contends, and the court held, that permitting the assertion of the counterclaim in this action would be giving to appellant a substantive right that it did not have prior to the adoption of the rules, and was therefore beyond the limitation of Congressional authority conferring upon the Supreme Court the power to adopt uniform rules of civil procedure.

It is necessary to distinguish between a substantive right and the vehicle or medium through which it is enforced. The substantive right created by the statute is the right to recover twice the amount of usury as a penalty. This right could in no wise be affected by the new rules. The method or procedure provided in the statute for the enforcement of the right was an independent action in the nature of an action of debt, and under the decisions it was held that this right could not be asserted in the form of a counterclaim in a pending action. But the new rules provide for the settlement of all controversies arising between parties in a single action. They specifically provide for compulsory counterclaims arising out of a "transaction" or "occurrence." The right to the penalty admittedly arose out of the transaction which the bank seeks to enforce and is therefore maintainable as such under the new rules.

■■ If there is a conflict between the procedure provided for in the statute for the enforcement of the right created thereby and that provided for in the New Rules of Civil Procedure, the former must yield to the latter, because the Congressional authority under which the new rules were adopted expressly provides that after they become effective any laws in conflict therewith are of no further force or effect. The new rules have the force and effect of statutes. Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 427, 85 L.Ed. 479.

As was said in the last cited case: " * * * the new policy envisaged in the enabling act of 1934 was that the whole field of court procedure be regulated in the interest of speedy, fair and exact determination of the truth." We see no reason why the new rules should not apply to the remedy to be employed in asserting the substantive right to recover the penalty provided by law in the case of usury.

One further question remains for consideration. The action arose prior to the effective date of the new rules. The bank filed its motion to dismiss the amended answer and counterclaim in July, 1938. It is not clear when the motion was argued, but it may be assumed that the argument was had prior to the effective date of the new rules. The matter was taken under advisement by the court, and on March 11, 1941, the court made its findings of fact and conclusions of law and sustained the motion to dismiss.

Rule 86 provides that the new rules shall govern all proceedings brought after the effective date thereof and also all proceedings in actions then pending except to the extent that in the opinion of the court their application in the particular action pending when they took effect would not be feasible or would work injustice. Appellee contends that the motion to dismiss having been filed, argued and submitted prior to the effective date of the new rules, was a past proceeding and therefore governed by the old rules. It cites two cases in support of this position, Weber v. Hertzell, 8 Cir., 230 F. 965, and Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, 90. These cases sustain appellee's position. While in the Leach case the court stated that a motion to dismiss filed, argued and submitted for decision prior to the effective date of the new rules was a past proceeding, the force of the statement is somewhat weakened by the statement of the court in its opinion that "court and counsel had the understanding at argument of the motion that decision would be under the practice then prevalent. The procedural rules governing the motion should not in face of the understanding be changed by the delay of the court in deciding the motion."

■ Courts have been generally inclined to a liberal interpretation of the term "further proceedings." In McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108, the court held that where a notice of appeal was filed on May 2, 1938, and the time for appeal expired prior to September 16, the old rules as to appeals applied. The inference is left, however, that as to appeals in pending actions in which the time for an appeal had not expired, the new rules would apply even though the action had been started and in fact completed by the decision of the District Court before the effective date of the New Rules. Judge Haney in a concurring opinion in Anglo California Nat. Bank v. Lazard, 9 Cir., 106 F.2d 693, suggests that submission of an appeal is a further proceeding under the rules. A somewhat more analogous situation existed in United States v. E. J. Biggs Const. Co., 7 Cir., 116 F.2d 768. One question involved there was whether the assessment of costs should have been made under the old or under the new rules. It was held that although the record disclosed that all the testimony was taken and that most of the costs had been incurred prior to the effective date of the rules, nevertheless the new rules would apply as to the assessment of costs. In Hoffman v. New Jersey Federation, etc., 3 Cir., 106 F.2d 204, the petition was filed before the new rules went into effect. A motion for default judgment was filed prior to the effective date of the new rules. Default judgment was entered after the effective date of the rules without giving the notice required by New Rule 55(b) (2). The court held that the fact that the motion for judgment had been filed before the new rules became effective was of no moment and that it was necessary to give the notice provided for under the new rules. In Thermex Co. v. Lawson, D.C.Ill., 25 F.Supp. 414, a motion to dismiss a complaint had been filed prior to the effective date of the new rules, but it was held that the further proceedings on the motion would be governed by the new rules of Federal Procedure. In Weaver v. Mark et al., 6 Cir., 112 F.2d 917, a demurrer filed to a complaint two days before the effec-

tive date of the new rules abolishing demurrers was sustained after the new rules went into effect. On appeal, the Circuit Court of Appeals held that it was error to sustain the demurrer because further proceedings were controlled by the new rules and that the court therefore was in error in sustaining a demurrer, which pleading had been abolished by the new rules.

 Arguing and submitting the motion to dismiss the answer and cross claim did not end that proceeding. It was pending until the court reached its conclusion and rendered its decision. The purpose is evident in the new rules to extend their application, unless for good cause shown, to all proceedings, whether brought prior to their effective date or thereafter. It has been held that the trial court must specifically find that the application of the new rules would be unjust in order for one complaining of their application to raise the question on appeal. Automobile Ins. Co. v. Springfield Dyeing Co., 3 Cir., 109 F.2d 533. No good reason appears why the new rules should not have been applied in passing on the motion to dismiss the counterclaim, and it was error for the court to sustain the motion.

The cause is therefore reversed and remanded, with directions to reinstate the answer and cross petition and proceed with the determination of the issues presented thereby.